IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 17, 2009 Session

## STATE OF TENNESSEE v. KRISTEN A. WILSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1020      Monte Watkins, Judge**

---

**No. M2008-01243-CCA-R3-CD - Filed February 10, 2010**

---

Defendant, Kristen A. Wilson, entered a plea of guilty to driving under the influence per se. Defendant was sentenced to eleven months, twenty-nine days, which sentence was suspended after service of forty-eight hours in confinement. As part of the negotiated plea agreement, the parties purported to reserve a certified question of law pursuant to Rule 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure. After review, we conclude that Defendant has failed to comply with the strict requirements of Tennessee Rule of Criminal Procedure 37(b)(2) and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

David L. Raybin, Nashville, Tennessee, for the appellant, Kristen A. Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Kyle Anderson, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

At the suppression hearing Officer Joseph Jakes, with the Metro Nashville Police Department, testified that he was standing at the corner of Seventeenth Avenue South and Wedgewood Avenue on July 14, 2006. At approximately 1:15 a.m., Defendant stopped at the intersection, and Officer Jakes observed that Defendant was not wearing a seatbelt.

Officer Jakes directed Defendant to pull her vehicle over. When he approached Defendant, Officer Jakes noticed "an extreme order of alcoholic beverage" on Defendant's breath. After administering field sobriety tests, Officer Jakes placed Defendant under arrest at approximately 1:30 a.m. for driving under the influence. Officer Jakes observed Defendant for approximately twenty-four minutes and then attempted to administer a breath alcohol test. Defendant was unable to provide a sufficient breath sample after three attempts. Defendant then voluntarily agreed to provide a blood sample. Officer Jakes placed Defendant in the back of his patrol car and completed an inventory of Defendant's vehicle so that it could be towed. When Officer Jakes returned to his patrol car, Defendant was unconscious. Defendant was transported by ambulance to Metro General Hospital. A blood sample was collected at approximately 3:25 a.m., and Defendant's blood alcohol level was 0.16.

The trial court found that the blood test, which was administered at approximately 3:25 a.m., was taken within the two-hour limitation set forth in Tennessee Code Annotated section 55-10-406(a)(1) since Defendant's arrest was conducted at approximately 1:30 a.m, and denied Defendant's motion to suppress.

## II. Requirements for Certified Question of Law

The State initially argues that this appeal should be dismissed because Defendant has failed to comply with the strict requirements of Rule 37(b) of the Tennessee Rules of Criminal Procedure. Specifically, the State contends that the judgment form does not state the question certified for appeal and does not incorporate by reference any other document which sets forth the certified question.

Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

(A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

(B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

*See also State v. Armstrong,* 126 S.W.3d 908, 912 (Tenn. 2003); *State v. Preston,* 759 S.W.2d 647, 650 (Tenn. 1988).

It is permissible to comply with these requirements in a separate document if such document is clearly referred to or incorporated by reference into the judgment. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). However, the defendant bears the burden of insuring that the prerequisites are in the final order. *Armstrong*, 126 S.W.3d at 911 (citing Preston, 759 S.W.2d at 650). Substantial compliance with *Preston* is not sufficient to acquire appellate review of the certified question. *Armstrong*, 126 S.W.3d at 912.

In the case *sub judice*, Defendant entered her plea of guilty on May 22, 2008. On that date, the trial court accepted Defendant's plea of guilty to driving under the influence per se as charged in count two of the indictment. In exchange for Defendant's entry of a plea of guilty, the State agreed to enter a nolle prosequi as to counts one and three of the indictment. Entered with the judgment of conviction on May 22, 2008, was the trial court's "Agreed Order Certifying Question of Law," signed by the trial court, the assistant attorney general, and trial counsel for Defendant. The Agreed Order stated:

> This cause came on to be heard on May 22, 2008, upon the Defendant's conditional plea of guilty to count 2 of the indictment[.] The guilty plea to this count is with the express consent of the State of Tennessee and of the Court so as to preserve the right to appeal a certified question of law that is dispositive of the case. . . . Pursuant to Rule 37(b)[,] Tennessee Rules of Criminal Procedure[,] the Court finds that the question of law here is whether the two-hour admissibility limit begins to run from the moment of "initial detention" or does it begin to run at the moment of "such person's arrest."

In the section of the judgment form entitled "special conditions," among other notes, is the handwritten notation, "Judgment and sentence stayed pending certified question with consent of court and state." The judgment form, however, does not contain a statement of the certified question of law, and it does not refer to the Agreed Order containing the certified question the parties were attempting to reserve. *See State v. Richard F. Stroud*, No. M2008-01200-CCA-R3-CD, 2009 WL 1065868, at *3 (Tenn. Crim. App., at Nashville, Apr. 21, 2009), *perm. to appeal denied* (Tenn. August 24, 2009) (concluding that a handwritten note on the judgment form stating that the defendant's "sentence is effective 'upon action of

the ct. of app.'" is insufficient to cure judgment form's failure to contain a statement of the certified question of law or to reference a document containing such statement).

Defendant argues that *State v. Byington*, 284 S.W.3d 220 (Tenn. 2009) "is of significant relevance to the procedural issue" in the case *sub judice*. In *Byington*, our supreme court held "that in a criminal case such as this one, a filed minute entry showing that the trial court has denied a motion for new trial suffices as a written order required under Tennessee Rule of Appellate Procedure 4(c) to confer appellate jurisdiction." *Id*. at 226-27. The supreme court noted that "unless a party moves the trial court to set forth findings of fact and conclusions of law, the court's order need state only whether the motion for new trial was granted or denied." *Id*. at 226. Thus, a minute entry stating that the defendant's motion for new trial was denied, and absent any "proof in the record that rebuts the presumption that the minutes were signed," is sufficient to convey jurisdiction for appellate review.

The situation in *Byington* is distinguishable. The relevant minute entry in the present case notes, in part, that "sentence is stayed pending appeal and the defendant shall remain on the same bond." In addition to the complete absence of any reference to a certified question of law in the minutes, the minutes are signed only by the trial court. *See State v. Faith Whitley*, No. W2006-02595-CCA-R3-CD, 2008 WL 450617, at *3 (Tenn. Crim. App., at Jackson, Feb. 19, 2008), *no perm. to appeal filed* (concluding that the recital of a certified question of law on a judgment form signed only by the trial court without further reference to a conforming document is insufficient under *Preston* to convey jurisdiction on this Court).

Defendant's judgment of conviction does not contain a statement of the certified question of law, and it does not refer to a document that contains a statement of the certified question of law. Accordingly, this Court lacks jurisdiction, and we dismiss this appeal. As we have previously noted, "[w]e take no satisfaction in the dismissal of this or the many other failed Rule 37(b)(2) appeals. We, however, cannot assume jurisdiction where it is denied due to failures in meeting the strict perquisites." *Richard F. Stroud*, 2009 WL 1065868, at *3 (citing *Armstrong*, 126 S.W.3d at 912; *Faith Whitley*, 2008 WL 450617, at *3).

## CONCLUSION

After a thorough review, we conclude that the proposed certified question was not properly reserved. Accordingly, we dismiss Defendant's appeal.

_____
THOMAS T. WOODALL, JUDGE