IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 3, 2005 Session

## STATE OF TENNESSEE v. DAVID G. HOUSLER

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Montgomery County**
**No. 39217      John H. Gasaway, III, Judge**

---

**No. M2003-03122-SC-R11-CD - Filed July 15, 2005**

---

We granted review to determine whether the Court of Criminal Appeals erred in reversing the trial court's order supplementing the appellate record in the defendant's case with the transcript of co-defendant Courtney Mathews' trial. We conclude that the trial court properly supplemented the record. Accordingly, we reverse the judgment of the Court of Criminal Appeals. We order supplementation of the appellate record with the Mathews transcript for consideration in the defendant's related Rule 11 appeal pending in this Court.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Reversed.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Michael E. Terry, Nashville, Tennessee, for the Defendant-Appellant, David G. Housler.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Joseph F. Whalen, III, Assistant Attorney General, for the Plaintiff-Appellee, State of Tennessee.

### OPINION

The defendant, David G. Housler, and his co-defendant, Courtney Mathews, were indicted for four counts of felony murder in connection with the 1994 deaths of four Taco Bell employees in Clarksville, Tennessee. The same judge presided over their separate trials. In 1996, Mathews was convicted as charged. The transcript of the Mathews trial was prepared in June 1997. Housler's trial was held in November 1997. Housler was convicted as charged and sentenced to life imprisonment.

Housler appealed his convictions to the Court of Criminal Appeals. He raised several issues, including whether the State presented inconsistent theories in the trials of Housler and Mathews in violation of Housler's due process rights. According to Housler, the State argued at Mathews' trial

that Mathews acted alone in committing the murders but argued at Housler's trial that Housler acted as Mathews' look-out. Housler attached the Mathews transcript to his appellate brief. The Court of Criminal Appeals refused to consider the transcript because it was not properly certified and was not part of the appellate record. Housler then filed a motion requesting that the Court of Criminal Appeals supplement the record with the "full record" of the Mathews trial. In the alternative, Housler requested that the Court of Criminal Appeals direct the trial court to supplement the record with the Mathews transcript. The Court of Criminal Appeals denied Housler's motion.

Thereafter, Housler filed a motion in the trial court requesting that the trial court supplement the record with the Mathews transcript. The trial court granted Housler's motion, finding that without supplementation and certification of the Mathews transcript the record did not accurately disclose the factual basis for Housler's due process claim of inconsistent theories and the court's decision regarding that issue. The Court of Criminal Appeals granted the State's application for extraordinary review pursuant to Tennessee Rule of Appellate Procedure 10 and reversed the trial court's order supplementing the record. The Court of Criminal Appeals held that supplementation of the record was inappropriate because the Mathews transcript was not introduced in the trial court and was not properly certified. We granted review.

## ANALYSIS

Tennessee Rule of Appellate Procedure 24 governs the content of the record on appeal. The record on appeal consists of papers[1] and exhibits filed in the trial court, the transcript or statement of the evidence, any requests for instructions, and "any other matter designated by a party and properly includable in the record as provided in subdivision (g) of this rule." Tenn. R. App. P. 24(a). The purpose of the appellate record is to "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Id. The procedure for correction or modification of the record is set forth in subdivision (e) of Rule 24, which provides:

> If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If

---

[1] The Rule expressly excludes, however, the following papers:

(1) subpoenas or summonses for any witness or for any defendant when there is an appearance for such defendant; (2) all papers relating to discovery, including depositions, interrogatories and answers thereto, reports of physical or mental examinations, requests to admit, and all notices, motions or orders relating thereto; (3) any list from which jurors are selected; (4) trial briefs; and (5) minutes of opening and closing of court.

Tenn. R. App. P. 24(a).

necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

The trial court's authority to add to or subtract from the record is not unlimited. Subdivision (g) of Rule 24 provides that

[n]othing in this rule shall be construed as empowering the parties or any court to add or subtract from the record except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal.

The procedure for correcting or modifying the record reflects the dual goals of avoiding technicality and expediting a just resolution of the case on its merits. These goals are achieved by according deference to the trial court's decision as to which matters are properly includable in the record, thereby avoiding additional litigation on that subject alone. Bradshaw v. Daniel, 854 S.W.2d 865, 868 (Tenn. 1993). The trial court is in the best position to determine those matters necessary to provide a fair, accurate, and complete account of the proceedings upon which the appeal is based. Id. at 869; see also Artrip v. Crilley, 688 S.W.2d 451, 453 (Tenn. Ct. App. 1985) (identifying the trial court as the final arbiter of the transcript or statement of the evidence).

This Court has upheld supplementation of the record by the trial court under Rule 24 in several cases involving matters not introduced into evidence at trial. In Johnson v. Hardin, 926 S.W.2d 236 (Tenn. 1996), the plaintiffs attached transcript portions to their motion for a new trial but failed to follow the provisions of Rule 24 for filing a partial transcript. The trial court granted the plaintiffs' request to supplement the record with the appropriately certified portion of the transcript already contained in the technical record. The Court of Appeals reversed the trial court and dismissed the appeal. We reversed the Court of Appeals, holding that the trial judge's determination that the partial transcript conveyed a fair, accurate and complete account of what transpired at trial with respect to the single issue raised on appeal was conclusive. Johnson, 926 S.W.2d at 240.

In State v. Causby, 706 S.W.2d 628, 633 (Tenn. 1986), this Court held that the Court of Criminal Appeals erred in failing to consider affidavits that had not been admitted into evidence but had been filed with the trial court in support of the motion for a new trial. We reasoned that the affidavits alleging improper jury separation were "properly includable" in the record because, once the affidavits were filed, Tennessee Rule of Criminal Procedure 33(c)[2] mandated that they be considered as evidence. Causby, 706 S.W.2d at 633.

In Bradshaw, a new trial had been granted to the plaintiff after a trial on the merits. 854 S.W.2d at 869. On remand, the defendant filed a motion for summary judgment, relying on the

---

[2] Tennessee Rule of Criminal Procedure 33(c) provides that affidavits filed in support of a motion for new trial "shall be considered as evidence by the court."

entire record. The trial judge concluded that the defendant's testimony at the first trial was properly includable in the record on appeal. The Court of Appeals refused to consider this testimony, holding that because it was not transcribed at the time of the hearing on the motion for summary judgment, it was not before the trial judge when he ruled on the motion. Reversing, we held that under Rule 24(e), "absent extraordinary circumstances, an appellate court does not have the authority to refuse to consider matters that are determined by the trial court judge to be appropriately includable in the record." Id.

In the present case, the Mathews transcript was used by the defense, the prosecution, and the trial court. Defense counsel read from portions of the Mathews transcript in questioning witnesses and presenting arguments. The parties and the trial judge discussed at length the issue of inconsistent theories and the evidence offered at Mathews' trial. These discussions occurred prior to and during Housler's trial, as well as during the hearing on Housler's motion for a new trial. Despite these discussions, the Mathews transcript was never entered into evidence. Nor was the Mathews transcript attached to the motion for a new trial.

Nevertheless, the record reflects that the Mathews transcript was before the trial court for its consideration. At the beginning of the hearing on the motion for a new trial, the State objected to the trial court's consideration of any new evidence regarding the inconsistent theories issue, arguing that the trial court need only compare the Mathews transcripts and the transcript of Housler's trial: "There's nothing in this motion six [concerning inconsistent theories] that's not covered by the transcripts. Everything the State presented is in the transcript; in the transcript for the first trial and in the transcript for the second trial." During the hearing on the motion for a new trial, the trial judge remarked that he would "have to go back and read the transcription" of the Mathews trial to refresh his recollection of a certain witness' testimony. During the hearing on the motion to supplement, the trial judge commented:

> This Court has said – and I don't think it has really been objected to by the State, perhaps it – perhaps, but this Court has said repeatedly, and still now believes, that you cannot read the Matthews [sic] transcription, you could not have sat through the trial and believed any other thing than the State of Tennessee believed that Courtney B. Matthews [sic] acted alone in the robbery and killing of the people employed at the Taco Bell Restaurant.

(Emphasis added). Furthermore, in the order granting Housler's motion to supplement the record, the trial court stated:

> Mr. Housler raised issues pre-trial, at trial, and post-trial related to the two prosecutions, particularly the different prosecution theories. The Court denied Housler's legal arguments, in part, upon the Court's consideration, review, and comparison of the trial testimony of the State's prosecution of Courtney Mathews and the State's prosecution of David Housler.

(Emphasis added).

Contrary to the State's assertion, the trial judge was not relying solely on his memory of the Mathews trial. See Lane v. State, 968 S.W.2d 912, 914-15 (Tenn. Crim. App. 1997) (holding that an appellate court "cannot review the memory of the trial court, and this deficiency would generally hamper [the appellate court's] ability to effectively review the record"). The record reflects that the trial court appropriately considered the Mathews transcript in ruling on the inconsistent theories issue. We hold that any matter appropriately considered by the trial court is properly includable in the appellate record and may be added to the record under Rule 24(g) when such matter is "necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal."

We emphasize the importance of properly entering matters into evidence at trial. A party who fails to follow the proper procedure risks having such matters excluded from the appellate record. While it would have been better practice for Housler to have formally introduced the Mathews transcript into evidence, this technical defect does not justify disregarding a portion of the record that the trial court appropriately considered and deemed necessary for a fair, accurate, and complete account of what transpired in the trial court. See Bradshaw, 854 S.W.2d at 869.

The trial court in this case specifically found that the record was inaccurate without supplementation and certification of the Mathews transcript. The State does not dispute the accuracy of the Mathews transcript certified by the trial court or suggest that it differs from the transcript used during the Housler proceedings. Certification of the transcript in conjunction with supplementation of the record was not improper. See Johnson, 926 S.W.2d at 240. Absent extraordinary circumstances, a trial court's determination regarding supplementation is conclusive. Tenn. R. App. P. 24(e). Finding no extraordinary circumstances, we conclude that the Court of Criminal Appeals erred in reversing the trial court's order allowing supplementation of the record with the certified transcript of the Mathews trial.

**CONCLUSION**

We hold that the trial court properly supplemented the appellate record with the Mathews transcript and that no extraordinary circumstances exist justifying the Court of Criminals Appeals' refusal to consider the Mathews transcript. Accordingly, we reverse the judgment of the Court of Criminal Appeals and hereby order supplementation of the appellate record with the certified transcript of the Mathews trial for consideration by this Court in Housler's related Rule 11 appeal.

Costs of this appeal are taxed to the appellee, the State of Tennessee.

_____
JANICE M. HOLDER, JUSTICE
