IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 7, 2011 Session

**BARRY OGLE, v. BEN SEIGLER, D/B/A BEN'S BOBCAT**

**Appeal from the Circuit Court for Sevier County**
**No. 2008-0167-III      Hon. Rex Henry Ogle, Judge**

---

**No. E2010-00763-COA-R3-CV - Filed April 15, 2011**

---

In this breach of contract action, the defendant appealed the Judgment of the Trial Court, who entered a monetary judgment against defendant and awarded attorney's fees. Defendant has appealed, and on appeal we reverse the award of attorney's fees, vacate the Trial Court's Judgment and remand, with directions for the parties or the Court to prepare a complete Statement of Evidence.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part and Vacated in Part, and Remanded with Instructions.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jennifer L. Chadwell, Oak Ridge, Tennessee, for the appellant, Ben Seigler.

Steven E. Marshall, Sevierville, Tennessee, for the appellee, Barry Ogle.

**OPINION**

This case originated in the General Session Court, wherein plaintiff obtained a default judgment against defendant, which was then appealed to Circuit Court. The Circuit Court held a hearing, and entered judgment against defendant for $17,331.26. The Final Judgment states the Court heard the testimony of witnesses and statements of counsel, and found that plaintiff had carried his burden of proof by a preponderance of the evidence. The Court also

stated that defendant "failed to produce many documents he claims he has for payment to the plaintiff." Defendant appealed to this Court.

Defendant filed a Statement of Evidence, stating that the matter was heard on February 8, 2010, based on a claim of breach of contract. Defendant stated the parties entered into a verbal contract in June 2007 for drainage and clearing work, and that Barry Ogle completed the clearing work and was paid $1,506.75. Defendant testified that the contract price for the work to be performed was $4,000 plus materials. Defendant purchased the material for the job because plaintiff would not.

Plaintiff did not complete the drainage work contracted for, and defendant had to leave another job in Georgia and return to Tennessee to complete the work that plaintiff was supposed to have done. After plaintiff left the jobsite, he submitted an invoice to defendant for $12,270. The invoice was faxed to defendant on August 24, 2007, and did not include any provisions for collection of attorney's fees or interest if not paid. Defendant never received any invoice that included interest charges or any provisions stating that interest and attorney's fees would be assessed if the account went into collections. Plaintiff performed another job for defendant in this same timeframe, and the invoice submitted for that job also did not contain any provisions stating that interest and attorney's fees would be assessed if the account went into collections.

Defendant prepared an invoice for plaintiff which showed the amount due plaintiff for the job minus the cost of materials. Thus defendant showed that plaintiff was only owed $3,858.18. Defendant submitted this invoice to plaintiff along with a check in that amount, as full payment for the job. Plaintiff admitted that he received and cashed this check.

Defendant stated the invoice containing provisions stating that interest and attorney's fees would be assessed if the account went into collections, which plaintiff introduced as an exhibit, was never received by defendant. Defendant stated that plaintiff had performed work for defendant before, and was never paid per linear foot. Defendant stated the contract price was not based on linear feet.

Defendant stated that plaintiff's expert, Dough Trinnim, testified that the industry standard dictates that a job of this nature is billed per linear foot, but he did not testify to a standard price per linear foot.

The Trial Court found, based on the expert's testimony, that the industry standard for that type of work was calculated per linear foot, and the Trial Court found that "defendant failed to produce any documents he claims he has for payment to the plaintiff" and awarded plaintiff a judgment against defendant for $17,331.26.

The trial exhibits, though not numbered, include a photograph (apparently of the jobsite), a copy of a check defendant wrote to plaintiff for $1,506.75, an invoice sent to plaintiff by defendant (showing a balance due from defendant to plaintiff of $3,858.18), and various invoices for materials for the job. There are also invoices from plaintiff to Zorb Development for $12,741.10, from plaintiff to defendant for $1,705.37, and from plaintiff to defendant for $1,655.69. Another exhibit appears to be a breakdown of plaintiff's damages, showing a balance due of $10,166.82, plus interest and attorney's fees, which brings the balance due to $17,331.26. There is no copy of the check written to plaintiff for $3,858.18. While appellant filed a Notice of Filing Statement of Evidence along with the Statement in the Trial Court, appellee did not file his own Statement of Evidence or an objection, and accordingly, the Trial Court did not have to make a determination regarding the Statement of Evidence.

The issues on appeal are:

1.      Whether the Trial Court erred in awarding damages to plaintiff because the doctrine of accord and satisfaction bars recovery of damages?

2.      Whether the Trial Court erred in awarding plaintiff attorney's fees when there was no contractual or statutory provision allowing such an award?

3.      Whether the Trial Court erred in awarding damages to Ogle based on industry standards when there was no proof adduced at trial indicating that this contract was based on industry standards, and no proof adduced regarding the value of this work under the industry standards?

4.      Whether the Trial Court erred in not crediting defendant with the payment made to plaintiff along with the extra charges incurred by defendant?

Tenn. R. App. P. 24 requires that if a verbatim transcript of evidence is not available "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Appellant filed a Statement of Evidence in this case, but our examination shows it does not convey a fair and complete account of what transpired in the Trial Court with respect to the issues on appeal, as there is nothing included regarding appellee's testimony about the work performed, the agreed upon charges, or how he calculated his damages. The Statement of Evidence, rather than conveying a fair and complete account of the proof, appears to only provide the proof that supports appellant's arguments. The Trial Court was never called upon

to determine the fairness of the Statement, since appellee did not object to it or file his own at the trial level.

As we have previously explained, where the Statement of Evidence is incomplete such that proper determination of the issues cannot be made, the case should be remanded. In *McDowell v. Ratcliff*, 1991 WL 50205 (Tenn. Ct. App. Apr. 10, 1991), this Court stated:

> [t]he narrative statement of evidence is so inadequate we conclude complete justice cannot be had on the record before us. T.R.A.P., Rule 24(c) provides if a verbatim transcript of evidence is not available "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."

> The case is remanded to the trial court for such other and further necessary proceedings as will result in a transcript of the proceedings to conform with Rule 24, T.R.A.P. The cost incident thereto shall be borne by the Appellants.

*Id.*

In another case where the Statement of Evidence was incomplete, and the trial court had not resolved the issue of whether the Statement of Evidence was fair or complete, this Court held that the case should be remanded for the trial court to comply. *Stiles v. Meigs County,* 2004 WL 2346136 (Tenn. Ct. App. Oct. 19, 2004). In that case, this Court stated:

> [i]t is our opinion that we cannot consider this matter at this time because of the dispute over the contents of the statement of evidence and accordingly, pursuant to Tenn.Code Ann. § 27-3-128 and Tenn. R. App. P. 24(e), we remand this cause to the trial court to determine whether the statement of evidence filed by the Plaintiffs conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of this appeal. We note that the Appellant, not the Appellee, has the duty to prepare a transcript or a statement of evidence that is fair, accurate and complete. In the event the trial court determines that the statement of evidence as filed by the Plaintiffs is a fair, accurate, and complete account of the proceedings that form the bases for this appeal, then the clerk of the trial court shall file with the appellate court a supplemental record containing the statement of evidence approved by the trial court, the trial court's order regarding its ruling and the order overruling the motion for new trial. In the event the trial court rules that the statement of evidence as filed by the Plaintiffs is not a fair, accurate, and complete account of the proceedings that form the bases for this appeal, then the trial court may,

in its discretion, allow the Plaintiffs to supplement their statement of evidence. The trial court in any event must approve the Plaintiffs' statement of evidence before it is transmitted to this Court.

*Id.*

Tenn. Code Ann. § 27-3-128 provides that, "[t]he court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right." The Supreme Court has stated that "[t]he procedure for correcting or modifying the record reflects the dual goals of avoiding technicality and expediting a just resolution of the case on its merits." *State v. Byington*, 284 S.W.3d 220 (Tenn. 2009), *quoting State v. Housler*, 167 S.W.3d 294, 296 (Tenn. 2005).

In order to expedite a just resolution of this case on its merits, we remand the case to the Trial Court for a ruling on the fairness and completeness of the Statement of Evidence. *See Taylor v. Allstate*, 158 S.W.3d 929 (Tenn. Ct. App. 2004). At this juncture, we cannot rule on the issues raised by appellant without a complete and fair Statement of Evidence, and if the parties cannot agree on a Statement of Evidence, it devolves upon the Trial Judge to prepare a Statement of Evidence for appellate review.

Appellee has conceded in his Brief that the Trial Court erred in awarding him attorney's fees, because there was no contractual or statutory basis for such an award. Accordingly, the Trial Court's award of attorney's fees is reversed, and the remaining Judgment is vacated and the cause remanded to the Trial Court to comply with the directives set forth in this opinion.

The cost of the appeal is assessed one-half to each party.

_____
HERSCHEL PICKENS FRANKS, P.J.