IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 18, 2014 SESSION

**KATHY HUDSON**
**v.**
**WILLIAM T. HUDSON**

**Appeal from the McNairy County General Sessions Court**
**No. 11-DV-126   Van D. McMahan, Judge**

**No. W2013-00999-COA-R3-CV - Filed June 23, 2014**

This divorce appeal involves the division of marital property.  The husband claims the trial court erred in its valuation of the marital assets and in its overall distribution of the marital estate.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J. W.S., and DAVID R. FARMER, J., joined.

George D. Norton, Jr., Selmer, Tennessee, for Plaintiff/Appellee Kathy Hudson

Stuart Brian Breakstone, Memphis, Tennessee, and Leanne Thorne, Lexington, Tennessee, for Defendant/Appellant William T. Hudson

**FACTS AND PROCEEDINGS BELOW**

This appeal arises from the parties' divorce. Defendant/Appellant William T. Hudson ("Husband") and Plaintiff/Appellee Kathy Hudson ("Wife") married in 2000; no minor children were born of the marriage. During the marriage, Husband operated an auction business. Wife worked full-time at a hospital until she was laid off; after that, she worked as a manager for a fast-food chain restaurant and then as a tax clerk for the City of Adamsville.

During the parties' marriage, they acquired real property as well as personal property. They lived in a home located on Meeks Road in McNairy County, Tennessee. The tract of property on which the marital home was situated was approximately 68 acres. Wife's mother lived in a mobile home nearby on the same property. The 68-acre tract also had a steel building and a barn filled with equipment, tools, and antiques.

In December 2011, after 11 years of marriage, Wife filed a complaint for divorce in the General Sessions Court of McNairy County, Tennessee. In this complaint, she asked the trial court to award her immediate and exclusive possession of the marital home pending resolution of the parties' divorce. Husband filed a timely response. After a hearing, the trial court granted Wife's request for exclusive possession of the marital home.

The trial court conducted the divorce trial over two days in the summer of 2012. It heard testimony from both parties and several other witnesses as well.

In Husband's testimony about the parties' property, he referred to a balance sheet containing a comprehensive valuation of the marital property, apparently prepared by Husband for the divorce trial. For reasons that do not appear in the record, this document was never submitted into evidence as an exhibit. Husband offered no additional testimony regarding valuation of the property that was in Wife's possession at the time of trial. Husband testified that he purchased the Meeks Road property prior to the parties' marriage. He acknowledged

---

[1]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

that Wife's paychecks were deposited into the parties' joint bank account each month, but nevertheless contended that she did not contribute to the marriage.

Wife also testified. In her testimony, Wife outlined her contributions to the parties' marriage, such as helping on the parties' farm, maintaining the properties, cooking, cleaning the marital residence, providing the parties' health insurance, and using her income to pay for marital expenses such as groceries, gas, and medical expenses.

In Wife's testimony about the value of the marital assets, Wife submitted into evidence a list of items located in the parties' barn. This exhibit did not include values for the listed items, and Wife conceded that she did not know the value of many of the items in the barn. The trial judge asked Wife whether the majority of the items in the barn were worth less than $100 each. She answered in the affirmative, commenting that most were of "small value[]."

On October 26, 2012, the trial court issued the final decree of divorce. The order stated that the trial court "careful[ly] consider[ed] the factors set out in T.C.A. § 36-4-121" on the equitable division of marital property. It held that Wife helped in the marital home, worked during the parties' marriage, and contributed her income to improve the parties' marital assets and Husband's auction business. The trial court classified all four pieces of real property at issue as marital property, based on its conclusion that Wife contributed substantially to the marriage and evidence that the parties purchased and substantially improved the properties with joint funds. It divided the Meeks Road property between the parties; Wife was awarded a 3-acre parcel that included the marital residence and a 10-acre parcel on which Wife's mother's mobile home was located. Husband was awarded the remaining 55 acres of the total 68-acre tract as well as three other properties the parties acquired during the marriage. The marital debt was divided evenly between the parties. The trial court divided the personal property as follows:

> Plaintiff shall keep and maintain the personal property listed in Exhibit 10. Plaintiff shall also keep [the] following personal property: 1) Kubota Tractor, and all its attachments, 2) horse trailer, 3) 12' trailer with ramp, 4) saddles, 5) manure spreader, 6) oak swings and porch furniture 7) her jewelry, 8) her clothes, 9) quilt rack, 10) all horses except the black gilding, 11) Impala, 12) 99 Silverado, and 13) any property already in her possession not specifically awarded to Defendant.

> Defendant shall keep the following items of personal property: 1) Massey Ferguson-model 165, 2) 10' trailer, 3) 12' trailer, 4) steel rods, 5) wagon wheels, 6) John Deere Lawn Mower, 7) Yamaha Sea do, 8) black gilding, 9) file cabinet, 10) sectional, 11) washer and dryer, 12) recliner, 13) 2001 Dodge

Ram, and 14) and any other item in Defendant's possession not specifically awarded to Plaintiff.

The net result of the trial court's distribution of the martial estate was to award Husband 44% of the marital property identified and valued, and to award Wife the remaining 56% of the marital property.

In November 2012, Husband filed a motion for a new trial, or in the alternative, a motion to alter or amend the trial court's final divorce order. The trial court held a hearing on this motion. After the hearing, the trial court modified its order to divide Wife's retirement account equally between the parties. Otherwise, it left intact its original division of the marital property. Husband then filed a timely notice of appeal.

In June 2013, while the appeal was pending, Husband filed a motion in the trial court, asking the trial court to make the balance sheet to which he referred during his testimony part of the appellate record. In the motion, Husband contended that the trial court accepted a copy of the balance sheet during the divorce trial and therefore must have relied on the document in its decision. In August 2013, the trial court denied Husband's motion. The trial judge acknowledged that the document may have been placed on the trial court bench, but stated that he did "not recall reviewing it during the hearing or at any time while making a decision."

## ISSUES ON APPEAL AND STANDARD OF REVIEW

We note that Husband's appellate brief does not include a section on "Issues Presented for Review." Tennessee Rule of Appellate Procedure 13(b) states : "Review generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b). Generally, courts are not inclined to address issues that are not specifically raised. *Forbess v. Forbess*, 370 S.W.3d 347, 358 (Tenn. Ct. App. 2011). The requirement that the appellant include a statement of the issues raised on appeal in the appellate brief is no mere technicality. "[T]he appellee is entitled to fair notice of the appellate issues so as to prepare his or her response . . . [and] this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." *Owen v. Long Tire, LLC*, No.W2011-01227-COA-R3CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011).

On occasion, this Court may exercise its discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to waive briefing requirements, in order to adjudicate the issues on their merits. Tenn. R. App. P. 2.

-4-

From our review of the argument section of Husband's appellate brief, it appears that Husband seeks to challenge the trial court's valuation of the marital assets and its distribution of the marital estate. Despite Husband's failure to set forth issues for review in his appellate brief, we exercise our discretion to address the merits of this issue.

Decisions regarding the classification and valuation of marital property are questions of fact. *Owens v. Owens,* 241 S.W.3d 478, 485 (Tenn. Ct. App. 2007); *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998). We review the trial court's factual findings *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Kendrick v. Shoemake*, 90 S.W.3d 566, 569-70 (Tenn. 2002); *Marlow v. Parkinson*, 236 S.W.3d 744, 748 (Tenn. Ct. App. 2007). Factual findings based on the trial court's evaluation of the witnesses' credibility are given great weight and are not reversed on appeal absent clear and convincing evidence to the contrary. *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007); *Gaskill v. Gaskill*, 936 S.W.2d 626, 633 (Tenn. Ct. App. 1996); *Massengale v. Massengale,* 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995).

As to the trial court's legal conclusions, our standard of review is *de novo* on the record, according no deference to the trial court's decision. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## ANALYSIS

In Husband's appellate brief, he does not appear to argue that any specific asset was misclassified or improperly awarded. Rather, Husband appears to take issue with the trial court's overall division of the marital estate. He apparently disagrees with the trial court's initial order giving Wife exclusive possession of the marital home and notes that the trial court's final order did not place a value on marital "property already in [Wife's] possession." Husband also argues that the trial court erred in its assessment of each party's contribution to the marriage, noting that the trial court made no mention of the assets Husband brought into the marriage or the fact that his assets enabled the parties to acquire many of the marital assets.

In response, Wife maintains that the trial court carefully considered all of the factors set forth in Tennessee Code Annotated § 36-4-121. She notes that the trial court heard a great deal of testimony on the acquisition and disposition of the parties' real and personal property and equitably divided the marital estate in light of that evidence. Wife contends the trial court's division of the marital estate was equitable and should be affirmed.

As referenced by the parties and the trial court below, the factors to be considered in the trial court's division of the marital estate are set forth in Tennessee Code Annotated § 36-4-121(c)

(Supp. 2013).[2]  In dividing the marital estate, the trial court is not required to divide the marital property evenly; it is obliged only to divide it equitably.  Tenn. Code Ann. § 36-4-121(a)(1); *Melvin v. Melvin*, 415 S.W.3d 847, 852 (Tenn. Ct. App. 2011); *Batson v. Batson*,

---

[2] Tennessee Code Annotated § 36-4-121(c) sets forth the following factors to be considered in the equitable division of marital property:

> In making equitable division of marital property, the court shall consider all relevant factors including:
>
> (1) The duration of the marriage;
>
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
>
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
>
> (4) The relative ability of each party for future acquisitions of capital assets and income;
>
> (5)(A) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (B) For purposes of this subdivision (c)(5), dissipation of assets means wasteful expenditures which reduce the marital property available for equitable distributions and which are made for a purpose contrary to the marriage either before or after a complaint for divorce or legal separation has been filed.
>
> (6) The value of the separate property of each party;
>
> (7) The estate of each party at the time of the marriage;
>
> (8) The economic circumstances of each party at the time the division of property is to become effective;
>
> (9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
>
> (10) The amount of social security benefits available to each spouse; and
>
> (11) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121(c).

769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). An equitable division of marital property produces a fair final result. *Melvin*, 415 S.W.3d at 852 (citing ***Robertson v. Robertson***, 76 S.W.3d 337, 341 (Tenn. 2002)). Trial courts are given substantial discretion in dividing marital property, and a trial court's distribution of the marital estate will be accorded "great weight" on appeal. *See Watson v. Watson*, 309 S.W.3d 483, 494-95 (Tenn. Ct. App. 2009) (citing ***Sullivan v. Sullivan***, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002); ***Goodman v. Goodman***, 8 S.W.3d 289, 298 (Tenn. Ct. App. 1999)). Thus, the appellate court is disinclined to disturb the trial court's distribution of the marital estate unless it is contrary to the preponderance of the evidence or is based on an error of law. *Melvin*, 415 S.W.3d at 852; ***Martin v. Martin***, 155 S.W.3d 126, 129 (Tenn. Ct. App. 2004) (quoting ***Herrera v. Herrera***, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996)).

We have carefully reviewed the appellate record in this case, including the transcript of the parties' testimony and the other evidence in the record. Considering the record as a whole, we find that the evidence does not preponderate against the trial court's valuation of the property at issue. Husband notes that the trial court did not place a value on some items of property and argues that this was error. Trial courts are often required to do the best they can with the evidence that is presented by the parties. In this case, Husband placed no evidence in the record on the value of the items he now says the trial court should have valued.[3] Similar to the situation presented in ***Caldwell v. Caldwell***, Husband in this case did not object to the valuations submitted by Wife and did not proffer any evidence of his own to dispute the values Wife asserted:

> Values assigned to marital property are questions of fact and are made considering all relevant evidence of value; the trial court has discretion to assign a value to marital property that is within the range of evidence of value submitted. It is the responsibility of the parties, not the court, to propose values to marital property. To the extent Husband had any concern relative to the evidence of value, it was incumbent upon him to object to the evidence at the time it was proffered or introduce other evidence; he did neither.

---

[3]Husband did not seek to have the balance sheet to which he referred admitted into evidence. We find no error in the trial court's decision to deny Husband's motion to supplement the appellate record to include the balance sheet, particularly in light of the trial court's statement that it did not rely on the balance sheet in making its decision. Tenn. R. App. P. 24(g); ***State v. Housler***, 167 S.W.3d 294, 296 (Tenn. 2005) ("The trial court is in the best position to determine those matters necessary to provide a fair, accurate, and complete account of the proceedings upon which the appeal is based.").

*Caldwell v. Caldwell*, No. M2007-01205-COA-R3-CV, 2008 WL 4613586, at \*2 (Tenn. Ct. App. Oct. 13, 2008) (citing *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987)).

We have also carefully considered the trial court's division of the marital estate. We cannot conclude that the trial court abused its discretion in weighing the factors set forth under Section 36-4-121(c). We also find that the trial court's overall division of the marital estate is supported by the preponderance of the evidence in the record. *Melvin*, 415 S.W.3d at 852.

Finding no error in the trial court's division of the marital estate, we affirm. All other issues are pretermitted by this decision.

**CONCLUSION**

The decision of the trial court is affirmed. Costs on appeal are assessed against Defendant/Appellant William T. Hudson and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE
