# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 2, 2012

## STATE OF TENNESSEE v. SUSAN MICHELLE BARNETT

**Appeal from the Circuit Court of Gibson County**
**Nos. 17702, 18191     Clayburn Peeples, Judge**

### No. W2010-02026-CCA-MR3-CD - Filed November 30, 2012

Susan Michelle Barnett ("the Defendant") was convicted after a jury trial of aggravated assault, two counts of misdemeanor assault, and unauthorized use of an automobile in Gibson County Circuit Court case no. 17702. The trial court sentenced the Defendant as a Range I, standard offender to an effective sentence of six years. The trial court ordered the Defendant to serve her six-year sentence consecutively to a previous sentence. On the date of the sentencing hearing in case no. 17702, the Defendant also pleaded guilty to failure to appear in Gibson County Circuit Court case no. 18191 and was sentenced as a Range I, standard offender to one year, to be served consecutively to her six-year sentence. Thereafter, the Defendant attempted to appeal both cases. Having determined that we lack jurisdiction in case no. 17702, we dismiss that appeal. We also dismiss the appeal in case no. 18191 because the notice of appeal was untimely filed, and the Defendant is not entitled to appeal her guilty plea pursuant to Tennessee Rule of Appellate Procedure 3(b) and Tennessee Rule of Criminal Procedure 37(b).

### Tenn. R. App. P. 3 Appeal as of Right; Appeals Dismissed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

William Michael Thorne (on appeal), Lexington, Tennessee; and Gregory M. Minton and J. Daniel Rogers (at trial and plea hearing), Trenton, Tennessee, for the appellant, Susan Michelle Barnett.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Garry Brown, District Attorney General; and Matt Hooper and Stephanie J. Hale, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The Defendant was indicted in Gibson County Circuit Court case no. 17702 on one count of especially aggravated kidnapping, two counts of aggravated assault, one count of misdemeanor assault, and one count of theft of property of $1,000 or more but less than $10,000. The Defendant was indicted in Gibson County Circuit Court case no. 18191 for one count of failure to appear at a pre-trial conference that was scheduled in case no. 17702.[1] The Defendant proceeded to a jury trial in case no. 17702 on the indicted offenses, and, in May 2010, the jury convicted the Defendant of aggravated assault, two counts of misdemeanor assault, and unauthorized use of an automobile. Following a sentencing hearing on July 26, 2010, the trial court sentenced the Defendant as a Range I, standard offender to six years on her aggravated assault conviction; eleven months, twenty-nine days on each misdemeanor assault conviction; and eleven months, twenty-nine days on her unauthorized use of an automobile conviction. The trial court ordered the sentences to run concurrently, for an effective sentence of six years, to be served in confinement with the Tennessee Department of Correction. The trial court also ordered the Defendant to serve this six-year sentence consecutively to a previous sentence.[2] On this same date, July 26, 2010, the Defendant also pleaded guilty to failure to appear in case no. 18191. In accordance with the terms of the plea agreement, the trial court sentenced the Defendant as a Range I, standard offender to eleven months, twenty-nine days to be served consecutively to the six-year sentence imposed in case no. 17702.

The Defendant filed a motion for a new trial in case no. 17702 on June 11, 2010. The record before us contains no disposition of this motion for a new trial. In September 2010, the Defendant filed a pro se notice of appeal in the trial court. In a letter dated September 8, 2010, the trial court clerk notified the Defendant that she needed to file a "Motion to Accept Late Filed Notice of Appeal" with this Court.[3] The Defendant filed a pro se motion with this Court on September 27, 2010, requesting permission to file a late notice of appeal in case no. 17702. In the interest of justice, we granted the Defendant's request, and the

_____

[1] The trial court filings indicate that these cases originally were consolidated for purposes of trial. However, they were severed at some point prior to the trial in case no. 17702, which occurred in May 2010. There is no order indicating that these two cases have been consolidated for purposes of this appeal; however, both cases have proceeded under the same case number on appeal.

[2] The judgments indicate that this six-year sentence is consecutive to "Henry County No. 14472."

[3] The notice of appeal that the Defendant originally filed with the trial court is not in the appellate record. However, the record does contain the letter written by the trial court clerk indicating that a notice of appeal was filed in September 2010 in case no. 17702.

notice of appeal was deemed filed as of the date of entry of that order, March 21, 2011.[4]  At some point after the motion was filed, the Defendant then mailed a notice of appeal to this Court, appealing case nos. 17702 and 18191.[5]  Thereafter, in each document filed with this Court, as well as the Defendant's appellate brief, the Defendant included case no. 18191 in her appeal of case no. 17702.

On appeal, the Defendant contends in case no. 17702 that (1) the trial court should have merged her two misdemeanor assault convictions and one aggravated assault conviction into "a single incident,"[6] (2) the evidence was insufficient to support her aggravated assault conviction, and (3) her six-year sentence for the aggravated assault conviction is excessive. The Defendant presented no issues for review and complained of no errors with respect to case no. 18191.

### Analysis

*Appeal of Gibson County Circuit Court Case No. 17702*

In every case, we are required to determine if we have jurisdiction on appeal.  See Tenn. R. App. P. 13(b).  In this respect, the Tennessee Rules of Appellate Procedure provide that in criminal actions, "if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant . . . under Rule 33(a) for a new trial[,] . . . the time for appeal for all parties shall run from the *entry of the order denying a new trial.*"  Tenn. R. App. P. 4(c) (emphasis added).

In case no. 17702, the Defendant did not include in the appellate record the transcript for the hearing on the motion for a new trial or the order denying the motion.  This Court, by order dated October 5, 2012, held "that in the interest of justice, the appellate record should be supplemented with the transcript of the proceedings."  We ordered that the supplemental

---

[4] This Court issued an order on October 4, 2010, holding the Defendant's motion to file an untimely notice of appeal "in abeyance" and directing the Defendant "to file a supplemental motion setting out additional information regarding this matter" because the Court had no information other than what was set out in the pro se motion.  For these reasons, the Defendant's motion was not granted until March 2011.

[5] The date this Court received this notice of appeal is not evident from the document.  However, the Defendant had the notice of appeal notarized on October 4, 2010.  Thus, it reached this Court sometime after this date.  The record also does not reflect that this notice of appeal was filed in the Gibson County Circuit Court.

[6] The Defendant asserts that the three assault convictions should be "merged into a single incident," although she does not specify which "incident."  In the alternative, the Defendant asserts that "at most she should have only been convicted of two (2) counts of assault."

record include the transcripts of the trial, sentencing hearing, and post-trial hearings. We further instructed that it is the Defendant's responsibility, not the trial court clerk's responsibility, to contact the court reporter to ensure that the proceedings are transcribed and filed with the trial court clerk. Finally, we ordered that a supplemental record be transmitted to this Court within thirty days of the date of the October 5, 2012 order or certify the absence of the requested transcript to this Court by the appropriate pleading. The thirty-day time period has expired, and no supplemental record or appropriate pleading has been filed. Additionally, there are no other documents in the appellate record indicating that the trial court ruled on the Defendant's motion for a new trial.

Accordingly, until the trial court denies the motion for a new trial in case no. 17702, this Court does not have jurisdiction over the case, and the appeal must be dismissed. See, e.g., State v. Gregory O. Cherry, No. W2006-00015-CCA-R3-CD, 2007 WL 2155740, at *1 (Tenn. Crim. App. July 27, 2007) (dismissing appeal because the appellate record did not contain an order or transcript of any proceeding showing that a disposition was made on the motion for a new trial); State v. James Lee Foreman, II, No. M2002-02595-CCA-R3-CD, 2004 WL 404696, at *2 (Tenn. Crim. App. Mar. 4, 2004) (dismissing appeal for lack of jurisdiction because appellate record did not contain any document showing that the trial court denied the motion for a new trial). But see, e.g., State v. Byington, 284 S.W.3d 220, 224 (Tenn. 2009) (holding that the appeal should not have been dismissed when it was evident from the record that the trial judge had denied the motion for a new trial).

Accordingly, we must dismiss the Defendant's appeal in case no. 17702 for lack of jurisdiction.

*Appeal of Gibson County Circuit Court Case No. 18191*

Pursuant to the Tennessee Rules of Appellate Procedure, a notice of appeal must be filed with the clerk of the trial court "within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). Here, the Defendant's judgment in case no. 18191 was filed on July 29, 2010. The Defendant mailed a notice of appeal to this Court sometime after October 4, 2010. Even if we deemed the notice of appeal appropriately filed, it was filed at least two months after judgment was entered. Additionally, this Court waived the timely filing requirement only with respect to case no. 17702. Therefore, the Defendant's notice of appeal was not filed in a timely manner. We also do not find any reason in the interest of justice to waive the timely filing requirement because, as discussed below, the Defendant is not entitled to appeal her guilty plea.

In Tennessee, the right to appeal a plea of guilty entered in the trial court is severely limited to those cases which fit within one of the narrow exceptions enumerated in Tennessee Rule of Appellate Procedure 3(b) and Tennessee Rule of Criminal Procedure 37(b). See

State v. Wilson, 31 S.W.3d 189, 192 (Tenn. 2000). According to these rules, a defendant can appeal from a judgment of conviction on a plea of guilty under the following circumstances: (1) "if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure"; (2) "if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence"; or (3) if "the errors complained of were not waived as a matter of law by the guilty . . . plea . . . and if such errors are apparent from the record of the earlier proceedings." See Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b)(2). The latter provision will apply in "cases where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute, wherein it would be judicially inefficient to require a post-conviction collateral attack when the error is apparent upon the face of the existing record." See Tenn. R. Crim. P. 37, Adv. Comm'n Cmts.

Pursuant to these rules, the Defendant is not entitled to appeal from her guilty plea in case no. 18191. The Defendant's plea agreement included her sentence, and the plea agreement did not explicitly reserve the right to appeal a certified question of law dispositive of the case. Moreover, although the Defendant has attempted to include this case in her appeal of case no. 17702, she presented no issues for review and complained of no errors with respect to her guilty plea. Lastly, there is no apparent error upon the face of the limited record pertaining to this case. Thus, even if the Defendant filed a timely notice of appeal in this case, the appeal would be dismissed for the reasons stated above.

Therefore, we also must dismiss the appeal of case no. 18191.

## CONCLUSION

Based upon the foregoing and the record as a whole, the Defendant's appeals in case nos. 17702 and 18191 are dismissed.

_____
JEFFREY S. BIVINS, JUDGE