**STATE of Tennessee**

v.

**Terry Lynn BYINGTON.**

Supreme Court of Tennessee, at Knoxville.

Jan. 6, 2009 Session.

May 5, 2009.

Michael F. Carrico, Gate City, Virginia, for the appellant, Terry Lynn Byington.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; and Mark A. Fulks, Senior Counsel, Nashville, Tennessee, for the appellee State of Tennessee.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

We granted permission to appeal to review the Court of Criminal Appeals' dismissal of this case and to clarify the law as to whether a minute entry following the denial of a motion for new trial will suffice to confer appellate jurisdiction or whether a separate written order is required. The record before the Court of Criminal Appeals included a transcript wherein the trial court denied the motion for new trial, but did not contain a written order. The Court of Criminal Appeals dismissed the appeal for lack of jurisdiction. Thereafter, pursuant to an order from this Court, the record was supplemented with a page from the trial court's minutes showing that the motion for new trial was denied. After careful review, we hold that the Court of Criminal Appeals erred in dismissing the appeal and instead should have ordered supplementation of the record to include an order denying the motion for new trial. The minute entry, however, was sufficient to confer appellate jurisdiction. The Court of Criminal Appeals' order dismissing the defendant's appeal is vacated, and the cause is remanded to the Court of Criminal Appeals for a decision on the merits.

## I.  *Background*

The defendant, Terry Lynn Byington, was convicted of driving under the influ-

ence of alcohol, fourth offense, and, by judgment entered June 27, 2003, was sentenced to serve three years in the Department of Correction as a Range II multiple offender.

On August 7, 2003, the defendant filed an untimely motion for new trial, which was denied by the trial court. On appeal, the Court of Criminal Appeals ruled that because the defendant filed his motion for new trial more than thirty days after the entry of the order of sentencing,[1] the issues raised in the motion for new trial regarding the admissibility of certain evidence and the recusal of the trial judge were waived. The Court of Criminal Appeals reviewed issues regarding the propriety of the defendant's sentence and the sufficiency of evidence supporting the conviction and affirmed the judgment of the lower court.

The defendant then filed a petition for post-conviction relief upon various grounds, one of which was ineffective assistance of counsel based on his trial attorney's late filing of the motion for new trial. Following a hearing, the trial court determined the performance of the defendant's trial attorney was deficient because of his failure to timely file the defendant's motion for new trial and granted the defendant a delayed filing of his motion for new trial and a delayed appeal.

The defendant filed his delayed motion for new trial, raising issues concerning the sufficiency of the evidence, recusal of the trial judge, and the admissibility of a prior perjury conviction. The trial transcript reflects that the trial court denied the motion for new trial. A contemporaneous entry in the court minutes confirms the denial of the motion, but a separate written order to that effect was never entered.

The defendant appealed to the Court of Criminal Appeals. At the time of this appeal, the record before the Court of Criminal Appeals included the transcript of the hearing on the motion for new trial showing that the trial court denied the motion for new trial but did not contain a written order denying the motion. The Court of Criminal Appeals dismissed the appeal, concluding that it was without jurisdiction to hear the appeal.

We initially granted the defendant's application for permission to appeal for the limited purpose of ordering supplementation of the trial court record and directed, inter alia, that the trial court review the technical record and enter an order with respect to the defendant's motion for new trial if the record did not include such an order. The record was supplemented with a page from the trial court's minutes containing an entry stating that the motion for new trial had been denied, but no separate written order was included. Subsequently, we granted the defendant's application for permission to appeal, denoting our particular interest in the issue of "[w]hether appellate jurisdiction can be conferred through a minute entry indicating denial of the motion for new trial, without the entry of a separate written order." For the reasons set forth hereinafter, we hold 1) that the Court of Criminal Appeals should not have dismissed the defendant's appeal but rather should have ordered the record supplemented to include an order denying the motion for new trial and 2) that, in the absence of the order denying the motion for new trial, the minute entry of the trial court's denial of the defendant's motion for new trial is sufficient to confer jurisdiction upon the Court of Criminal Appeals. Ac-

---

1. Rule 33(b) of the Tennessee Rules of Criminal Procedure provides in pertinent part that "[a] motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered."

cordingly, we remand this case to the Court of Criminal Appeals for review of the issues raised by the defendant in the motion for new trial.

## II. *Analysis*

### A. *Dismissal of the Appeal*

█ First, we address the question of whether the Court of Criminal Appeals erred in dismissing the defendant's appeal upon the ground that it lacked jurisdiction because the appellate record did not contain a written order of the trial court denying the defendant's motion for new trial.

The defendant filed a motion for new trial pursuant to Rule 33(a) of the Tennessee Rules of Criminal Procedure, which provides in pertinent part that "[o]n its own initiative or on motion of a defendant, the court may grant a new trial as required by law." Tenn. R.Crim. P. 33(a). When the defendant's case came before the Court of Criminal Appeals, the accompanying record included a transcript of the hearing on the defendant's motion for new trial clearly showing that the motion was denied. However, the record on appeal did not include a written order denying the defendant's motion for new trial, and in the absence of such documentation, the Court of Criminal Appeals determined that it was without jurisdiction to hear the appeal and ordered that the appeal be dismissed.

We hold that dismissal of the defendant's appeal was not warranted under these circumstances where the transcript of the hearing on the motion for new trial clearly indicated that the trial judge had ruled on the defendant's motion for new trial. Instead, pursuant to either Rule 24 of the Tennessee Rules of Appellate Procedure or Tennessee Code Annotated section 27–3–128, the Court of Criminal Appeals should have ordered supplementation of the record to include an order disposing of the defendant's motion for new trial. Subdivision (e) of Rule 24 of the Tennessee Rules of Appellate Procedure sets forth the procedure for the correction or modification of an incomplete record as follows:

> If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

Tenn. R.App. P. 24(e).

█ Further authority for supplementation of the record is provided by statute at Tennessee Code Annotated section 27–3–128, which states as follows:

> The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

Tenn.Code Ann. § 27–3–128 (2000). This Court has stated on prior occasion that "[t]he procedure for correcting or modifying the record reflects the dual goals of avoiding technicality and expediting a just resolution of the case on its merits." *State v. Housler,* 167 S.W.3d 294, 296 (Tenn. 2005). And, as we have further stated,

any matter that the trial court has appropriately considered is properly includable in the appellate record pursuant to Rule 24(g) [2] of the Tennessee Rules of Appellate Procedure when the matter is " 'necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal.' "

State v. Smotherman, 201 S.W.3d 657, 661 (Tenn.2006) (quoting Housler, 167 S.W.3d at 298 (quoting Tenn. R.App. P. 24(g))).

Accordingly, we conclude that the Court of Criminal Appeals should not have dismissed the appeal when it was evident from the record that the trial judge had denied the motion for new trial. Rather, the Court of Criminal Appeals should have ordered supplementation of the record pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure or Tennessee Code Annotated section 27–3–128, to include an order disposing of the defendant's motion for new trial.

### B. Sufficiency of a Minute Entry

■ The next question we address is whether the record, as supplemented by the trial court minutes, is adequate to confer jurisdiction upon the Court of Criminal Appeals. By order entered May 5, 2008, we directed that the trial court review the record for a written order denying the defendant's motion for new trial, enter such an order if not already contained in the record, and forward the record along with such supplementation to this Court. In response, we received a supplemental record from the trial court, which included a page from the trial court's minute book for August 28, 2006, with an entry showing that the trial court denied the defendant's motion for new trial on that date. However, this supplemental record did not comply with this Court's order to include a separate written order denying the motion. Thus, we are presented with the question of whether this minute entry is an "entry of the order denying a new trial" under Tennessee Rule of Appellate Procedure 4(c), which triggers the time for filing an appeal, and therefore, whether this minute entry is sufficient to confer jurisdiction on the intermediate court.

Panels of the Court of Criminal Appeals have disagreed as to the action a trial court must take to demonstrate that the trial court has denied a motion for new trial. In State v. Foreman, No. M2002–02595–CCA–R3–CD, 2004 WL 404696, at *1–2 (Tenn.Crim.App. Mar. 04, 2004), the Court of Criminal Appeals, dismissing defendant's appeal, stated that "[u]ntil the trial court denies the motion for a new trial, this court does not have jurisdiction over the case" and implied that a minute entry or document indicating the trial court denied the defendant's motion for new trial would have been sufficient to confer appellate jurisdiction. In State v. Gentry, No. E2007–02029–CCA–R3–CD, 2008 WL 2938040, at *2 (Tenn.Crim.App. July 30, 2008), the court determined that dismissal of the appeal was appropriate where there was no "written order" or "minute entry" entered, even though the trial transcript showed that the trial court intended to deny the motion. The court implied that either a written order or a minute entry would have been sufficient to confer appellate jurisdiction, but that the

---

**2.** Tennessee Rule of Appellate Procedure 24(g) provides, "Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal." Tenn. R.App. P. 24(g).

trial transcript was not enough. However, in *State v. March*, No. M2006–02732–CCA–R3–CD, 2008 WL 2743752, at *2 (Tenn.Crim.App. July 15, 2008), the Court of Criminal Appeals concluded that the trial court's minute entry of the denial of the motion for new trial was the written order conferring jurisdiction on the appellate court. This conclusion implies that no written order separate and distinct from the minutes is necessary. Clearly, a uniform rule is needed so that appeals can be heard on their merits, rather than dismissed due to procedural deficiencies.

The Court of Criminal Appeals is required to determine if it has jurisdiction in each case presented for its review. Tenn. R.App. P. 13(b). As the Court of Criminal Appeals noted in this case, Tennessee Rule of Appellate Procedure 4(c) states that if a motion for new trial is filed, "the time for appeal for all parties shall run *from entry of the order* denying a new trial." Tenn. R.App. P. 4(c) (emphasis added). Subdivision (e) of Rule 4 further provides in pertinent part as follows:

> The trial court retains jurisdiction over the case pending the court's ruling on any timely filed motion specified in subparagraph ... (c) of this rule. A notice of appeal filed prior to the trial court's ruling on a timely specified motion shall be deemed to be premature and shall be treated as filed after the entry of the order disposing of the motion and on the day thereof.

Tenn. R.App. P. 4(e). Thus, Rule 4 dictates that after the defendant filed his motion for new trial, the Court of Criminal Appeals did not have jurisdiction to hear the defendant's appeal until the trial court entered an order denying the motion for new trial. Accordingly, the Court of Criminal Appeals correctly adjudged that it did not acquire jurisdiction of the defendant's appeal pending the trial court's entry of a written order denying the defendant's motion for new trial. We conclude, however, that the minute entry, subsequently filed with this Court, indicating that the trial court denied the motion for new trial is sufficient to confer jurisdiction on the Court of Criminal Appeals.[3]

The keeping of daily minute entries is addressed by statute at Tennessee Code Annotated section 16–1–106, which provides in pertinent part at subsection (a) as follows:

> The minutes of the court for each day's work shall be signed by the judge. The minute book shall provide a place for the judge's signature after the minute entries each day; however, where the orders of the court are photocopied so that an accurate facsimile of the entire order and judge's signature appears, it shall be sufficient for the judge to sign at the end of the minute book approving all the minutes in the book.

Tenn.Code Ann. § 16–1–106(a) (1994).

■ The importance and reliability of court minutes as a record of trial proceedings has been acknowledged by this Court for many years. In *Mullen v. State*, 164 Tenn. 523, 51 S.W.2d 497, 498 (1932), we noted that "courts speak only through their minutes." In *Dyer v. State*, 79 Tenn. 509, 514 (Tenn.1883), we noted that the court minutes are "the highest evidence of what is done in the court, and, so far as they are records of judicial proceedings, import absolute verity, and are conclusive

---

**3.** We emphasize that the sole issue addressed in reaching this conclusion is whether a minute entry is sufficient to confer jurisdiction upon an intermediate appellate court. Because the defendant's notice of appeal would be considered timely under any application of Tenn. R.App. P. 4, this case does not require us to address any issue with respect to the effect of the filing of a minute entry on the timeliness of the filing of a notice of appeal.

unless attacked for fraud." And in *Howard v. State*, 217 Tenn. 556, 399 S.W.2d 738, 740 (1966), echoing *Dyer*, we further recognized the significance of minutes, stating that "[t]he rule in this State for generations has been, and is, that 'minutes' are indigenous to Courts of record; and when they are signed by a Judge, they become the highest evidence of what has been done in the Court."

To determine what constitutes the entry of an order that will satisfy the requirement of Rule 4 of the Tennessee Rules of Appellate Procedure, we are guided by Tennessee Rule of Criminal Procedure 33, which pertains to new trial motions in the criminal context and provides as follows at subdivision (c)(3):

> In ruling on the motion for a new trial, the court—on motion by either party— shall make and state in the record findings of fact and conclusions of law to explain its ruling on any issue not determined by the jury.

Tenn. R.Crim. P. 33(c)(3). We construe this language to mean that unless a party moves the trial court to set forth findings of fact and conclusions of law, the court's order need state only whether the motion for new trial was granted or denied. The minute entry under scrutiny in this case states that the defendant's motion for new trial was denied. Therefore, we believe that it suffices as a written order required under Tennessee Rule of Appellate Procedure 4(c) to confer appellate jurisdiction in a criminal case.

The State contends that this appeal should be dismissed even if a minute entry is sufficient to satisfy the requirement of Rule 4(c), because the trial court judge did not sign the minutes as required by Tennessee Code Annotated section 16-1-106. We disagree. The only page from the trial court minutes for August 28, 2006, that was filed with this Court was the page that included the entry regarding the defendant's case. While it is true that the particular page of the minutes extracted to supplement the appellate record does not bear the signature of the trial court judge, there is no proof that the judge did not sign the minutes on a subsequent page not included in the record before us, and we presume that the minutes were signed as required by section 16-1-106. *See Hull v. Vaughn*, 171 Tenn. 642, 107 S.W.2d 219, 222 (1937) (holding that even in absence of proof that chancellor signed court minutes, it must be presumed that he did so and noting that "[e]very officer is presumed to have performed his duty.") There is no proof in the record that rebuts the presumption that the minutes were signed.

As a final matter, although we hold that a minute entry is sufficient to confer appellate jurisdiction under Rule 4 in a criminal case, better practice dictates that the trial court enter a written order. Thus, we strongly encourage a trial court to enter a written order separate from the minute entry when denying a motion for new trial.

## III. *Conclusion*

In sum, we hold that the Court of Criminal Appeals erred in dismissing the defendant's appeal upon the ground that the record did not include a trial court order denying the defendant's motion for new trial as required under Tennessee Rule of Appellate Procedure 4(c) to trigger the time for filing the notice of appeal. We hold that instead of dismissing the appeal, the Court of Criminal Appeals should have ordered that the record be supplemented to include an order denying the motion for new trial. We further hold that in a criminal case such as this one, a filed minute entry showing that the trial court has denied a motion for new trial suffices as a written order required under Tennessee Rule of Appellate Procedure 4(c) to confer

appellate jurisdiction. Accordingly, we vacate the judgment of the Court of Criminal Appeals dismissing the defendant's appeal and remand to the Court of Criminal Appeals for review of the issues raised by the defendant in his motion for new trial. Costs of this appeal are assessed to the State.