IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2009

## STATE OF TENNESSEE v. JOSEPH RAY PINSON

**Direct Appeal from the Circuit Court for McNairy County**
**No. 2239    J. Weber McCraw, Judge**

---

**No. W2008-01010-CCA-R3-CD  - Filed June 17, 2009**

---

A McNairy County jury convicted the Defendant-Appellant, Joseph Ray Pinson ("Pinson"), of rape of a child.  The trial court sentenced Pinson to twenty years in confinement to be served at 100%. The sole issue for our review is whether the evidence is sufficient to support the conviction. However, we lack jurisdiction to review this matter because there is no order reflecting the trial court's ruling on Pinson's motion for new trial.  Because the record clearly shows the trial court denied Pinson relief, we remand this case for supplementation of the record with an order denying Pinson's motion for new trial.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Remanded

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Rickey W. Griggs and Shana Johnson, Assistant Public Defenders, Somerville, Tennessee, for the defendant-appellant, Joseph Ray Pinson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Bob G. Gray, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

**Procedural History.**  The record reflects that Pinson was convicted by a McNairy County jury of rape of a child on February 20, 2008, and the judgment was entered on February 27, 2008. Pinson received a twenty-year sentence to be served at 100% in the Tennessee Department of Correction.  On March 11, 2008, Pinson filed a motion for new trial.  On April 24, 2008, the trial court orally denied Pinson's motion for new trial; however, no written order relating to the motion appears in the record on appeal.  Pinson filed a notice of appeal on May 12, 2008.

**Analysis.**  On appeal, Pinson argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt.  The State argues that this court lacks jurisdiction to hear this appeal because the record does not contain a written order disposing of the motion for new trial.

The Tennessee Rules of Appellate Procedure require us to determine whether we have jurisdiction in every case on appeal. See Tenn. R. App. P. 13(b). In criminal cases, an appeal as of right lies from a final judgment of conviction. Tenn. R. App. P. 3(b). The appeal is initiated by filing a notice of appeal within thirty days of the final judgment date. Tenn. R. App. P. 4(a). In criminal actions, "if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant . . . under Rule 33(a) for a new trial, . . . the time for appeal for all parties shall run from entry of the order denying a new trial . . . ." Tenn. R. App. P. 4(c). Until the trial court denies the motion for new trial, this court does not have jurisdiction over the case. State v. Gary Doughtery, No. E2008-00131-CCA-R3-CD, 2009 WL 690294, at *1 (Tenn. Crim. App. at Knoxville, Mar. 17, 2009).

On May 5, 2009, the Tennessee Supreme Court held in State v. Byington, No. E2006-02069-SC-R11-CD, 2009 WL 1211379 at *3, (Tenn. 2009), that:

> [D]ismissal of [an appeal] [is] not warranted . . . where the transcript of the hearing on the motion for new trial clearly indicated that the trial judge had ruled on the defendant's motion for new trial. Instead, pursuant to either Rule 24 of the Tennessee Rules of Appellate Procedure or Tennessee Code Annotated section 27-3-128, the Court of Criminal Appeals should have ordered supplementation of the record to include an order disposing of the defendant's motion for new trial.

Without undergoing an extensive analysis, the record in this case shows the trial court orally denied Pinson's motion for new trial. However, the record does not contain a written order denying the motion for new trial or a minute entry memorializing the trial court's ruling. Therefore, we remand this case pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure for the trial court to supplement the record with an order disposing of Pinson's motion for new trial. Tenn. R. App. P. 24 (e).

## CONCLUSION

Based on the foregoing reasons, this appeal is remanded for supplementation of the record.

_____
CAMILLE R. McMULLEN, JUDGE