# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs August 14, 2012

## DORIS NELL JONES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lawrence County**
**No. 29418    Robert L. Jones, Judge**

---

**No.  M2011-02343-CCA-R3-PC - Filed March 8, 2013**

---

Petitioner, Doris Nell Jones, was convicted of second degree murder and sentenced to eighteen years in incarceration.  On direct appeal, this Court dismissed the appeal for lack of jurisdiction based on an untimely notice of appeal and the absence of a motion for new trial in the record.  *State v. Doris Nell Jones*, No. M2007-00791-CCA-R3-CD, 2008 WL 544576, at *1 (Tenn. Crim. App., at Nashville, Feb. 27, 2008), *perm. app. granted*, (Tenn. June 1, 2009).  The supreme court remanded the case for reconsideration in light of its opinion in *State v. Byington*, 284 S.W.3d 220 (Tenn. 2009).  On remand, this Court affirmed the conviction and sentence.  *State v. Doris Nell Jones*, No. M2009-01102-CCA-RM-CD, 2009 WL 2633026, at *1 (Tenn. Crim. App., at Nashville, Aug. 26, 2009) (not for citation), *perm. app. denied*, (Tenn. Feb. 22, 2010).  Petitioner subsequently sought post-conviction relief.  After a hearing, the post-conviction court denied relief.  Petitioner appeals, arguing that the post-conviction court improperly denied relief.  After a review of the record, we affirm the post-conviction court's denial of post-conviction relief because Petitioner has failed to show by clear and convincing evidence that she is entitled to post-conviction relief.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Shara A. Flacy, Ardmore, Tennessee, for the appellant, Doris Nell Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. FACTS

The factual basis of Petitioner's underlying second degree murder conviction was summarized by this Court on remand from the direct appeal. *Doris Nell Jones*, 2009 WL 2633026, at *2. Essentially, on October 24, 2000, Petitioner's brother, Eddie Staggs, was involved in a fight with a man in Bradley County. *Id.* Mr. Staggs significantly injured the other person in the fight and was urged to talk to police about the incident. *Id.* Mr. Staggs threatened suicide to friends and family and was urged to speak to his pastor. A group of people went with Mr. Staggs to the pastor's house where they learned that the man injured in the fight was being treated at the hospital and might die. *Id.* Mr. Staggs walked outside and fatally shot himself. That night, Petitioner's live-in lover, the victim, showed up where mourners were gathered at Petitioner's mother's house. According to several accounts, the victim made disparaging remarks about Petitioner's brother. The Court explained:

> During the confrontation between [the victim] and the others . . . , [Petitioner] was seen waving a gun in the air. Some of the gathered mourners led [Petitioner] into a bedroom away from the melee, but after [the victim] was forced outside the house, [Petitioner] left the house. The testifying witnesses said that [Petitioner] then fired between one and seven shots into the air. [The victim], who was in a nearby parking lot walking toward his car, had his back turned . . . when [Petitioner] fired into the air, but he turned around once he heard the shots. Patricia Kephart, testifying for the State, said that once [the victim] turned around, [Petitioner] said, "I'm going to shoot you, . . . ." The victim placed his hands in the air and said, "[G]o ahead and shoot me." Other witnesses described a similar confrontation. [Petitioner] then fired between one and four shots at [the victim], with one bullet hitting him in the stomach. Charles Harlan, who at the time of trial was a licensed physician, performed the victim's autopsy. Harlan testified that the bullet severed an artery, causing the victim to bleed to death.

*Doris Nell Jones*, 2009 WL 2633206, at *2-3. Petitioner was indicted on one count of premeditated first degree murder but ultimately was convicted of the lesser included offense of second degree murder. The trial court sentenced Petitioner to eighteen years in incarceration.

Petitioner's first appeal was dismissed by this Court for failure to contain a motion for new trial or an order denying a motion for new trial. *Doris Nell Jones*, 2008 WL 544576, at *2. The supreme court granted permission to appeal and reversed and remanded the case for

reconsideration in light of the court's opinion in *State v. Byington*, 284 S.W.3d 220 (Tenn. 2009).

On remand, this Court determined that the trial court erred in admitting testimony by Petitioner's mother regarding a telephone conversation between Petitioner and the victim, but that the error was harmless. *Doris Nell Jones*, 2009 WL 26933026, at *1. Additionally, this Court determined that Petitioner's other arguments were waived for failure to include them in the motion for new trial and that the issues did not merit plain error review. *Id.*

Subsequently, Petitioner sought post-conviction relief by filing a pro se petition. In the petition, Petitioner claimed that she received ineffective assistance of counsel. An amended petition was subsequently filed. In the amended petition, Petitioner listed several areas in which counsel was allegedly ineffective, including: (1) failing to discuss Petitioner's mental evaluation at trial; (2) failure to call attention to a sleeping juror at trial; (3) failure to argue self-defense at trial; and (4) failure to explain the change in the indictment to Petitioner. Counsel was appointed, and a hearing was held on the petition.

At the hearing, Petitioner testified that she had a mental evaluation prior to trial but was not shown the report prior to making her decision about whether to testify at trial. In fact, Petitioner claimed that counsel did not discuss the results of the evaluation with her prior to trial. Petitioner claimed that had she seen the report prior to trial she would have decided to testify at trial. The report was made an exhibit at the hearing on the post-conviction petition. In the report, there were conclusions made about Petitioner's mental state at the time of the incident. Specifically, the report stated that there was no evidence that Petitioner was "psychotic" at the time of the offense and no evidence that suggested "she did not appreciate the wrongfulness of her actions." Additionally, the report noted that there were no past medical records that documented a history of "psychotic statements or behaviors." Petitioner testified that the report's introduction at trial would have bolstered any testimony she might have given about self-defense or heat of passion.

Petitioner also complained about trial counsel's failure to complain about a juror that was supposedly asleep during trial. Further, Petitioner felt that the evidence suggested self-defense and complained that trial counsel failed to argue this at trial.

Trial counsel, on the other hand, testified that he reviewed the forensic evaluation prior to trial and discussed the results with Petitioner. Specifically, trial counsel recalled discussing the report with the doctor who performed the evaluation. The doctor told trial counsel that "he could not take the stand and say it's heat of passion because that's not in his realm, that's in the realm of the jury." Trial counsel noted that the evaluation would not have been admissible at trial without the testimony of the doctor.

Trial counsel recalled that he prepared Petitioner to testify at trial in order to help argue voluntary manslaughter was the appropriate charge. Counsel thought Petitioner's testimony would be helpful, but Petitioner declined to testify despite trial counsel's advice.

Trial counsel denied Petitioner's allegation that he had informed her self-defense was not available in Tennessee. However, trial counsel admitted that he assessed the case and had determined that self-defense was not warranted under the facts of the case.

Trial counsel remembered seeing one of the jurors nodding off during the State's case. Trial counsel made the decision not to call attention to the juror.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In an order, the post-conviction court noted that while the actual medical report was not introduced at trial, the substance of the report was introduced through testimony of other witnesses for the defense. The post-conviction court further determined that the juror's inattention did not prejudice Petitioner's case because it "was not in the best interest of the Petitioner to make sure that jurors heard and understood the State's theory of the case." The post-conviction court accredited trial counsel's testimony with regard to the level of communication with Petitioner about the availability of defenses. Consequently, the post-conviction court denied relief.

Petitioner appeals.

*Analysis*

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The record supports the conclusions of the post-conviction court. Petitioner argues that trial counsel was ineffective for failing to discuss the mental evaluation with her prior to trial and for failing to introduce the report at trial. However, trial counsel testified that he discussed the evaluation with Petitioner. Further, trial counsel noted that the doctor who performed the evaluation was unwilling to testify that Petitioner was mentally compromised at the time of the incident so trial counsel did not wish to introduce the evaluation at trial. The post-conviction court accredited the testimony of trial counsel. The post-conviction court's credibility determinations are entitled to great weight on appeal. Further, we cannot

second guess a reasonably-based trial strategy made after preparation of trial counsel. *See Adkins*, 911 S.W.2d at 347. Petitioner is not entitled to relief on this issue.

Petitioner insists that trial counsel failed to address the sleeping juror at trial. Trial counsel recalled the sleeping juror and determined that the juror's sleeping occurred during the State's case-in-chief and counsel made the strategic decision not to bring the juror to the court's attention. The post-conviction court specifically accredited the testimony of trial counsel at the post-conviction hearing. As noted, this was a strategic decision made by trial counsel after considering the possible alternatives. Petitioner is not entitled to relief on this issue.

Finally, Petitioner claims that trial counsel informed her that self-defense was not a viable defense in Tennessee. Trial counsel testified that he never would have advised Petitioner that this was the case. Rather counsel was of the opinion that the facts surrounding the shooting did not substantiate a claim of self-defense. Again, the post-conviction court accredited the testimony of trial counsel. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE