IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2020

**DEMETRICE A. SMITH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 113178 PC    Bob R. McGee, Judge**

_____

**No. E2019-01689-CCA-R3-PC**
_____

The petitioner, Demetrice A. Smith, appeals the denial of his petition for post-conviction relief, which petition challenged his 2017 guilty-pleaded convictions of possession of a firearm after having been convicted of a felony drug offense and failure to appear, alleging that his guilty pleas were unknowing and involuntary because he was deprived of the effective assistance of counsel.  Because no final order issued in the court below, we lack jurisdiction to hear this appeal.  Consequently, the appeal is dismissed, and the case is remanded to the post-conviction court for a new evidentiary hearing.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Dismissed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and J. ROSS DYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Demetrice A. Smith.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June 2017, the petitioner pleaded guilty to one count each of possession of a firearm after having been convicted of a felony drug offense and failure to appear, and the State dismissed two other charges.  The agreed sentence was eight years for the firearm conviction and four years for the failure to appear conviction for a total effective sentence of 12-years' incarceration to be served consecutively to a prior sentence for a parole violation.

The petitioner filed a timely pro se petition for post-conviction relief, and, after the appointment of counsel, he filed an amended petition, alleging that his guilty pleas were unknowing and involuntary because he was deprived of the effective assistance of counsel and did not understand his rights.

The post-conviction court conducted an evidentiary hearing in August 2019, and the court announced an oral disposition, denying post-conviction relief. The record indicates that a final written order was forthcoming, but no such order was included in the record on appeal. After this court ordered the post-conviction court to supplement the record with the final order, the post-conviction court clerk filed a notice that no final order issued.

The Post-Conviction Procedure Act contemplates the filing of a final, written order. *See* T.C.A. § 40-30-111(b) ("Upon the final disposition of every petition, the court shall enter a final order, and . . . shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground."); *cf. State v. Byington*, 284 S.W.3d 220 (Tenn. 2009) (holding that a minute entry that states the trial court's disposition is sufficient to confer jurisdiction so long as neither party "moves the trial court to set forth findings of fact and conclusions of law"). Because no final order issued below, we lack jurisdiction to hear this appeal. Moreover, because the judge who presided over this case below has since retired, the petitioner is entitled to a new evidentiary hearing on his post-conviction petition and a final, written order, including findings of fact and conclusions of law.

Accordingly, the appeal is dismissed, and the case is remanded to the post-conviction court for a new evidentiary hearing.

_____
JAMES CURWOOD WITT, JR., JUDGE