**FILED**
**May 28, 2024**
**03:17 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Chaddwick Eubank | ) Docket No.     2023-03-3754 |
| | ) |
| v. | ) State File No.   35481-2023 |
| | ) |
| GEM Technologies, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Lisa A. Lowe, Judge | ) |

---

### Affirmed in Part and Remanded

---

In this interlocutory appeal, the employer appeals the trial court's decision denying the employer's motion to compel and concluding the employee will likely prevail at a hearing on the merits with respect to his claim for certain medical benefits. The employee alleged injuries to his back, left arm, and left knee due to a fall at work. After multiple emergency room visits and treatment with an unauthorized physician, the employer authorized the employee to treat with an occupational health facility. That provider referred the employee to an orthopedic physician, and the employer provided a panel; however, the employer declined to authorize an appointment once it received medical records from other providers. It then sought to compel discovery from the employee and his union. The trial court orally denied the motion to compel discovery from the union at the expedited hearing and found that the employee had met his burden of proof to support an order for certain medical benefits. As such, it ordered the employer to authorize an appointment with the panel-selected physician. The employer appealed. Following the filing of the notice of appeal, we remanded the case for the court to issue a written order addressing its rationale for denying the employer's motion to compel production of records from the employee's union. Thereafter, the trial court issued an order granting in part the employer's motion, which is a different result than the court's ruling at the expedited hearing. The case is now before us following that remand, and, upon review of the record, we conclude the court's denial of the employer's motion to compel is not properly before us. Further, we affirm the trial court's order requiring the employer to authorize an appointment with the panel-selected orthopedic physician, and we remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

J. Brent Moore, Nashville, Tennessee, for the employer-appellant, GEM Technologies, Inc.

Chaddwick Eubank, Knoxville, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Chaddwick Eubank ("Employee") was working for GEM Technologies, Inc. ("Employer"), when he alleged injuries resulting from a fall at work. He reported hurting his left knee, arm, and back when he fell while walking across what he described as "saddles" on March 27, 2023.[1] He testified he informed his foreman, Joey Edwards, and his foreman's supervisor, Wayne Edwards, about the fall on that day but stated he declined medical treatment as he did not initially believe his injuries to be significant. The next day, Employee reported to the University of Tennessee Medical Center Emergency Department ("UT Medical Center") with complaints of increased back pain from a fall "a few days ago."[2] The medical report from that provider contains no other description of Employee's complaints or any indication of where the fall occurred.[3] Employee was given an anti-inflammatory medication, steroids, and a muscle relaxer and was discharged to follow up with the neurosurgeon who previously treated him.

Employee returned to UT Medical Center on April 2, 2023, with complaints of left knee pain and back pain radiating into the right leg. The record indicates he reported falling approximately eight feet from a ten-foot ladder, although the same medical record later indicates Employee fell off a roof. He was diagnosed with lumbar radiculopathy and a contusion to the left knee and discharged.

Employee saw his primary care physician, Dr. Raye-Ann Ayo, the following day. At that time, he reported falling off a truss eight days earlier while hanging boards in a barn and landing on his left hip and buttock, causing pain in his low back. There is no

---

[1] There is no information in the record as to what type of work Employee or Employer was engaged in or the meaning of the word "saddles" in that context.

[2] Employee had treated previously with the same facility for back pain and right leg radicular symptoms following a 2022 discectomy.

[3] Per the report, "[Employee] states he has been seen in the emergency department [three] times since the fall." The attending nurse practitioner's notes indicate she "[r]eviewed [Employee's] prior imaging from previous visits dated 3/25 and 3/27." The record does not contain any medical reports or imaging from these dates of service. Bates-stamped page 26 of the UT Medical Center records, admitted as an exhibit at the hearing, is a report from Employee's hospital visit of February 23, 2022, and it indicates it is "Page 7 of 41." Bates-stamped page 27 of the UT Medical Center records is from the visit of March 28, 2023, and it indicates it is "Page 5 of 41." It appears, despite an affidavit from the records custodian suggesting otherwise, that the medical records from UT Medical Center filed with the court are incomplete in several pertinent ways. However, neither party objected to their admissibility.

2

mention of any knee injury in the record. Dr. Ayo advised him to call if there was no improvement in six to eight weeks. A few days later, on April 7, 2023, Employee reported to Blount Memorial Hospital complaining of back pain and left knee pain following a fall in Michigan "ten days ago." Nurse practitioner Kevin Jinks examined Employee and prescribed non-steroidal anti-inflammatories, a steroid, and hydrocodone. Two hours later, according to the record, a Walgreens pharmacy contacted Mr. Jinks and informed him that "[Employee] has filled multiple narcotic prescriptions in the last few days . . . and that he was well-known to them for drug and doctor shopping." Mr. Jinks told them not to fill the prescription for hydrocodone based on this information.

Employee returned to Dr. Ayo on April 14, 2023. She was not in the office, but, through a telehealth appointment, he informed her he had also hurt his knee when he fell off the truss as he had described previously. Dr. Ayo initiated a referral to an orthopedist, Dr. William Oros, who had treated Employee previously. Employee was unable to see Dr. Oros, however, due to an unpaid balance from the previous treatment.

Meanwhile, Employee contends he was regularly speaking with Wayne Edwards regarding reporting his injury. On April 26, 2023, Mr. Edwards asked him to complete a written statement describing how the injury occurred. In the written statement, Employee stated he was injured on April 3 when he "was walking across the top of saddles [and] slid . . . . Not sure how I landed." Following that statement, Employer authorized him to go to Occupational Health Systems, where he saw Physician's Assistant Heather Thompson on May 2, 2023. At that time, he described an injury to his left knee "while walking across saddles from one until [sic] the other and the right foot slipped out from under and [Employee] fell to the ground hyper extending the right knee/leg."[4] He reported that the injury occurred on March 27 and that he had gone to the hospital that same day, at which time he was given a knee brace.[5] Ms. Thompson reviewed his x-rays and referred him for an MRI. He returned on May 5, 2023, following the MRI, which revealed a medial tibial plateau fracture and a lateral meniscus tear. Ms. Thompson referred Employee for orthopedic treatment.

Employer provided a panel of orthopedists on May 11, 2023, but before Employee made a selection and returned the panel, Employer terminated Employee on May 18, 2023, citing lack of work. Employee selected Dr. Matthew Rappe from the panel and

---

[4] This appears to be the first indication in the record that Employee is claiming an injury to his right knee instead of his left knee. It is unclear whether this is a typographical error or an accurate reflection of Employee's complaints on that visit.

[5] The Occupational Health Systems medical record states the injury occurred on April 27, but there is an addendum to the medical note indicating that was in error and the date should be March 27.

signed it May 27, 2023, but by that time Employer declined to authorize an appointment based on the medical records it had received.[6]

Employee later filed a petition for benefit determination in May 2023, and the parties proceeded with discovery. Eventually, Employer filed two motions to compel with the court: one motion to compel Iron Workers of Tennessee Valley and Vicinity/Southern Benefit Administrators ("the Union") to provide documents identified in a subpoena duces tecum, and a second asking the court to compel Employee to respond to its interrogatories regarding past medical care. The subpoena was served on November 16, 2023 and specifically sought "any and all documentation including but not limited to any attendance records, applications, pay records, benefit payments, separation reports, medical records, completed internal union forms and statements from [Employee] related to his sick pay, employment, or union membership."

Both motions were denied in separate orders issued January 4, 2024. With respect to the documents requested from the Union, the court relied on Tennessee Rule of Civil Procedure 45.02 (2023), stating "a court order for a subpoena must provide protection to a person that is neither a party nor a party's officer from undue burden or expense resulting from compliance." As the Union was not a party, the court reasoned that much of the requested information was maintained by Employer and that Employer had not established a sufficient basis in the motion to compel to support an order compelling the production of internal union forms and statements by Employee. In the order denying Employer's motion to compel Employee to provide more information in response to its interrogatories, the court noted Employer failed to quote verbatim the interrogatory in question or provide reasons supporting the motion as required by Tenn. Comp. R. and Regs. 0800-02-21-.17(5) (2023). Furthermore, it stated Employer did not provide "any basis to establish the relevance of the requested information."[7] Neither order was appealed.

Thereafter, Employer filed two more motions to compel. The first motion asked the court to compel the Union to provide the information requested in another subpoena in order to ascertain if Employee has worked at any union job since his termination from Employer; the second motion to compel listed three interrogatories verbatim it alleged had not been fully answered by Employee. Given the timing of the filing of these additional motions, the trial court elected to address them at the expedited hearing.

---

[6] Employer did not file a notice of denial; however, Employer offered this rationale at the hearing for its refusal to authorize an appointment.

[7] Employer also filed a motion to continue the expedited hearing for additional time to obtain the documentation requested in the motions to compel, but this motion was also denied.

Employee was the only witness to testify at the January 31, 2024 expedited hearing.[8] Prior to hearing any testimony, the court heard the motions to compel. Ruling from the bench, the court denied both motions to compel, reasoning that Employer could obtain information regarding subsequent employment from Employee through cross-examination at the hearing and that Employee had provided information responsive to the specific interrogatories that were the subject of that motion.[9] Employee stated he was seeking medical benefits for the left knee only, as well as temporary total disability benefits and payment of expenses related to past medical treatment. According to Employee's testimony, his foreman's supervisor told him not to report the incident as a workers' compensation injury, which is why his history of the injury as reported to various medical providers differed so significantly.[10] He also admitted "it looked a lot like" he was "doctor shopping" and trying to obtain narcotic medications as described in medical records, although he denied doing so. With respect to the date of injury on his written statement, Employee testified that he recalled the accident as having occurred on a Monday. He stated that he asked an administrative assistant for the date of his fall, and she told him it was April 5 rather than the correct date of March 27, 2023.[11]

Following the hearing, the court ordered Employer to authorize an appointment with Dr. Rappe, reasoning that, at an interlocutory stage of a case, an "employee does not have to prove compensability . . . to show entitlement to a panel of physicians." (Quoting *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *17-18 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).) The court did not award any temporary disability benefits and did not order Employer to pay for past medical treatment Employee had obtained on his own. Employer has appealed.

### Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.

---

[8] Although a transcript was filed, it was transcribed from the court's recording of the proceedings. Apparently due to technical difficulties, much of the testimony was inaudible, and thus only portions of the testimony were available for our review.

[9] These rulings were not contained in a written order. The table of contents for the technical record contained two footnotes that stated the court "ruled from the bench" and denied both motions to compel. There were also footnotes added to an Appendix to the trial court's order reflecting similar information.

[10] Employee attempted to enter purported text messages with Mr. Edwards as an exhibit at the hearing. He was unable to provide proper foundation under Rule 901 of the Tennessee Rules of Evidence, so the documentation was excluded from evidence.

[11] Employee's written statement of April 26, 2023 states the accident occurred on April 3, 2023, which was a Monday. However, he testified at the hearing the administrative assistant told him April 5, 2023, which was actually a Wednesday. This discrepancy was not clarified in the record.

*See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). Moreover, a trial court's decisions regarding pre-trial discovery are reviewed under an abuse-of-discretion standard. *See, e.g.*, *Bellsouth Telecoms. v. Howard*, No. M2019-00788-WC-R3-WC, 2013 Tenn. LEXIS 343, at *7 (Tenn. Workers' Comp. Panel Apr. 11, 2013). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

Employer presents two issues for appeal: (1) whether the court erred in denying the motion to compel certain records from the Union; and (2) whether the court erred in ordering Employer to provide an appointment with Dr. Rappe and any reasonable, necessary, and related medical care recommended by Dr. Rappe.

*Motion to Compel*[12]

Employer filed and served two subpoenas on the Union, the first on November 16, 2023, and the second on December 29, 2023, requesting multiple documents. The subpoenas are identical in requesting "any and all documentation including but not limited to any attendance records, applications, pay records, benefit payments, separation reports, medical records, reports, completed internal union forms and statements from [Employee] . . . relating to his sick pay, employment, or union membership." At the hearing, the trial court stated the following:

---

[12] Employee contends that, because Employer did not appeal the January 4, 2024 denial of the first motion to compel, this issue has been waived by Employer. He also argues that this issue was not listed in the notice of appeal filed February 16, 2024. However, a second motion to compel production of the Union records was filed and then heard and denied at the expedited hearing. Furthermore, we have stated previously that we will consider issues raised in a litigant's brief following a timely submitted notice of appeal even if it not listed in the notice of appeal. *See Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *24 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016) ("Once an appeal is properly perfected, the statute [citing Tenn. Code Ann. § 50-6-217(a)(2)(A) (2015)] does not restrict the Appeals Board to considering only issues identified by the appealing party in a notice of appeal, but allows consideration of issues specified and argued by a party as long as the issue was properly presented and decided below.").

And then with regard to the other motion to compel, that was in reference to the subpoena to the union, and it looks like you provided some updated information that the reason you were requesting that was to find out about [Employee], any employment that he's had since he left [Employer]. And I believe that those are issues that he can answer today. You can question him about whether or not he has worked anywhere since he left there.

The expedited hearing order itself, however, is silent regarding the court's rationale for denying the motion to compel. Without any written order explaining the court's basis for the denial, we were unable to properly consider the appeal of this issue. Consequently, we remanded this case to the trial court for the limited purpose of supplementing the record with a written order explaining the denial of Employer's motion. *See State v. Byington*, 284 S.W.3d 220, 223 (Tenn. 2009). On May 8, 2024, the trial court issued an order granting in part Employer's motion to compel, which was a different ruling than was stated during the expedited hearing, and a supplemental record was submitted by the trial court clerk to us on May 16, 2024.

We conclude this new order exceeded the parameters of our limited remand order. The Tennessee Supreme Court has stated previously that trial courts must stay within the parameters of a limited remand order. *See, e.g.*, *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995) (citing *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976) (holding that, on remand, trial courts must take action only within the bounds of the remand order to promote stability and consistency in the appellate process)). Thus, we conclude the May 8, 2024 order granting in part Employer's motion to compel the production of the union records is outside the scope of this appeal.

Turning to the ruling from the bench denying Employer's motion to compel the production of documents from Employee's union, there is still no written order addressing the trial court's ruling, and we only have a partial transcript to review due to an inaudible recording. Our obligation is to review the record, and we must not speculate as to the trial court's reasoning or rationale. *Lugo v. Lugo*, No. W2020-00312-COA-R3-CV, 2021 Tenn. App. LEXIS 54, at *5 (Tenn. Ct. App. Feb. 10, 2021). Moreover, if a record is incomplete, an appellate court is "precluded from considering the issue." *Majors v. Randstad Inhouse Servs., L.P.*, No. M2010-01975-WC-R3-WC, 2011 Tenn. LEXIS 970, at *18 (Tenn. Workers' Comp. Panel Oct. 19, 2011). Therefore, we conclude this issue is not properly before us.

*Medical Benefits*

Employer also contends that Employee did not meet his burden of proof at the expedited hearing of showing he is likely to prevail at a hearing on the merits in obtaining medical benefits. It is well-settled that, at an expedited hearing, an employee's burden of proof is different than the burden at a compensation hearing. *See, e.g.*, *Buchanan v.*

*Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).  As we stated in *Buchanan*, "[w]hile we agree that an employee need not prove his or her claim by a preponderance of the evidence at an expedited hearing to obtain temporary disability or medical benefits, an employee nevertheless has the burden to come forward with sufficient evidence of an injury by accident from which the court can conclude that he or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1)." *Id.*

Employee admittedly provided various descriptions of how he was allegedly injured to medical providers, most of which did not describe a work-related injury. However, Employee asserted during the expedited hearing that, when reporting how his injury had occurred to various medical providers, he was attempting to avoid describing a work-related injury at Employer's request.  Furthermore, regarding the differing dates of injury, Employee claimed a co-worker gave him the wrong date from the calendar when he was completing his written statement at Employer's request.  A trial court is in the best position to assess the credibility of witnesses appearing before it.  *See, e.g.*, *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at *8 (Tenn. Workers' Comp. App. Bd. May 9, 2016).  Here, Employer offered no witnesses or evidence during the expedited hearing to refute Employee's explanation of why he offered differing accounts of how the alleged injury occurred.

Hence, Employee's unrefuted testimony is that he reported a work-related injury the day it occurred and that he obtained medical treatment on his own so Employer could avoid filing a worker's compensation claim.  Once Employer authorized medical treatment, Employee was referred by that provider to an orthopedic specialist, but Employer refused to authorize the appointment.  Under these circumstances, given Employee's uncontradicted testimony, we cannot conclude the evidence preponderates against the trial court's determination that Employee is likely to prevail at a hearing on the merits in seeking certain medical benefits.

**Conclusion**

For the reasons stated above, we decline to review either the determination denying the motion to compel or the subsequent order granting the motion to compel, affirm the court's order compelling Employer's authorization of a medical appointment with the panel-selected orthopedic physician, and remand the case.  Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Chaddwick Eubank | ) | Docket No. 2023-03-3754 |
| | ) | |
| v. | ) | State File No. 35481-2023 |
| | ) | |
| GEM Technologies, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of May, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Brent Moore<br>Hallie Gillam | | | | X | bmoore@ortalekelley.com<br>hgillam@ortalekelley.com |
| Chaddwick Eubank | | | | X | chaddwick1488@gmail.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov