IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2024

**STATE OF TENNESSEE v. WILLIAM WYLIE**

**Appeal from the Circuit Court for Maury County**
**No. 2020-CR-28361          J. Russell Parkes, Judge**
_____

**No. M2023-00870-CCA-R3-CD**
_____

A Maury County jury convicted the Defendant, William Wylie, of second degree murder, among other offenses. The trial court imposed a sentence of twenty years. On appeal, the State asks this court to dismiss the appeal because the Defendant's notice of appeal was untimely. Upon our review, we agree that the Defendant's notice of appeal was untimely and that the interest of justice does not require us to waive the timely filing requirement. We respectfully dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Appeal Dismissed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and KYLE A. HIXSON, JJ., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the appellant, William Wylie.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General, and J. Katie Neff, Assistant Attorney General; Brent Cooper, District Attorney General; and Kyle E. Dodd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

In December 2022, a Maury County jury found the Defendant guilty of the second degree murder of his son-in-law, David Jones, among other offenses. Following a hearing, the trial court sentenced him to serve an effective sentence of twenty years in the Tennessee

Department of Correction. The Defendant filed a timely motion for a new trial, which the trial court denied on May 1, 2023. Forty-two days later, the Defendant filed a notice of appeal on June 12, 2023.

## ANALYSIS

In this appeal, the Defendant challenges the legal sufficiency of the convicting evidence and whether the preliminary hearing testimony of two witnesses should have been admitted at trial. In response, the State argues that we should dismiss the appeal as being untimely. *See* Tenn. R. App. P. 13(b).

"It is no secret that under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed 'within 30 days after the date of entry of the judgment appealed from.'" *State v. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022), *no perm. app. filed*. This time may be extended if the defendant files a timely, written motion for a new trial. Tenn. R. App. P. 4(c). In that circumstance, "the time for appeal for all parties shall run from [the] entry of the order denying a new trial." *Id.*; *State v. Byington*, 284 S.W.3d 220, 225 (Tenn. 2009).

In this case, the trial court filed a written order denying the Defendant's motion for a new trial on May 1, 2023. Although the Defendant had thirty days, or until May 31, 2023, to file his notice of appeal, he did not file his notice of appeal until June 12, 2023, or twelve days after this deadline. Tenn. R. App. P. 4(a). As we have recognized, "An untimely notice of appeal can, and often does, result in a dismissal of the appeal." *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App. Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024).

In criminal cases, the requirement of a timely filed notice of appeal is not jurisdictional, and it "may be waived in the interest of justice." Tenn. R. App. P. 4(a). The appealing party, though, "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).

When considering whether to waive an untimely notice of appeal, this court has considered "the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Among the "other relevant factors" are whether the defendant acknowledges the late filing and either affirmatively requests a waiver of the timely filing requirement or responds to the State's brief raising the untimely filing as an issue. *Id.*; *Manning*, 2023 WL 7439203, at *6. After

all, the parties generally "know what is best for them and are responsible for advancing the facts and argument entitling them to relief." *State v. Bristol*, 654 S.W.3d 917, 923-24 (Tenn. 2022) (internal quotation marks and citation omitted). Thus, "where a party does not request that we waive a late-filed notice of appeal, we will be reluctant to intervene otherwise." *State v. Storey*, No. E2023-00431-CCA-R3-CD, 2024 WL 4212413, at *6 (Tenn. Crim. App. Sept. 17, 2024) (citation and internal quotation marks omitted), *no perm. app. filed*; *see also* Tenn. R. App. P. 13(b).

In this case, the Defendant has not acknowledged that his notice of appeal was untimely. *Cf. Rockwell*, 280 S.W.3d at 214. He has not asked that we waive the timely filing requirement or responded to the State's argument that his untimely appeal should be dismissed. *See, e.g.*, *Manning*, 2023 WL 7439203, at *6 ("[T]he absence of any request by the Defendant for a waiver even after he was placed on notice of the issue weighs against waiving the requirement of a timely-filed notice of appeal." (citing cases)); *Tucker v. State*, No. W2015-00241-CCA-R3-PC, 2015 WL 5918975, at *2 (Tenn. Crim. App. Oct. 9, 2015) (declining to waive untimely notice of appeal, in part, when "petitioner has failed to even acknowledge that his notice of appeal was untimely."), *no perm. app. filed*. The "Defendant's failure to request a waiver and subsequent silence on the issue weigh heavily against our excusing his untimely notice of appeal." *See, e.g.*, *State v. Rogers*, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *2 (Tenn. Crim. App. Mar. 15, 2016) (declining waiver when the "Defendant remained silent even after the State raised this issue in its brief."), *no perm. app. filed*.

This court also considers the length of the delay and the reasons for it. *Rockwell*, 280 S.W.3d at 214. Because the Defendant does not acknowledge the untimely filing, he also offers no reason to explain it. Indeed, the appellate record is entirely silent on the reasons for the delay. The absence of an excusable reason for the delay also weighs strongly against our granting a waiver in this case. *E.g.*, *Storey*, 2024 WL 4212413, at *5 ("But we have dismissed appeals with significantly less delay than that here, particularly when the defendant had no excusable reason for the delay, did not acknowledge the issue, or failed to request a waiver."), *no perm. app. filed*; *State v. McNeal*, No. W2015-00316-CCA-R3-CD, 2016 WL 1223492, at *3 (Tenn. Crim. App. Mar. 29, 2016) (declining to waive notice of appeal filed three days late when the defendant "offered no reason for his failure to adhere to Rule 4(a)."), *no perm. app. filed*.

As this court observed in *Rockwell*, "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Rockwell*, 280 S.W.3d at 214. In this case, the Defendant does not request a waiver of the timely filing requirement, seek to explain the reasons for the delay, or otherwise respond to the

3

State's waiver argument. Accordingly, we conclude that waiving the timely filing requirement is not in the interest of justice.

We respectfully dismiss the Defendant's untimely appeal.


s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE