IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 27, 2022 Session

**STATE OF TENNESSEE v. MARVIN DEWAYNE BULLOCK**

**Appeal from the Criminal Court for Campbell County**
**No. 17288    E. Shayne Sexton, Judge**

_____

**No. E2021-00661-CCA-R3-CD**

_____

The Defendant, Marvin Dewayne Bullock, appeals his convictions for four counts of rape of a child, five counts of rape, nine counts of incest, three counts of sexual battery by an authority figure, one count of solicitation of sexual exploitation of a minor, two counts of sexual exploitation of a minor, and one count of aggravated sexual battery, for which he received an effective sentence of 178 years. On appeal, the Defendant contends that the evidence was insufficient to support his convictions; that due to a hearing impairment, he was unable to hear the witnesses' testimony at trial; that the prosecutor improperly coached jurors during voir dire in how to avoid jury service; that his sentences are excessive; and that he received ineffective assistance of counsel at trial. We conclude that the Defendant's notice of appeal was untimely and that the untimely filing should not be waived in the interest of justice. Accordingly, we dismiss the appeal, and we remand the case to the trial court for entry of corrected judgments as set forth in the opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Douglas P. Nanney, Knoxville, Tennessee, (on appeal); and Stephanie M. Jernigan, Maryville, Tennessee, (at trial), for the appellant, Marvin Dewayne Bullock.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jared R. Effler, District Attorney General; and Lindsey Cadle and Meredith Slemp, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

The Defendant was charged in a fifty-six-count indictment with various offenses based upon his sexual abuse of his three adopted daughters over almost a ten-year period. Twenty-two counts of the indictment were dismissed prior to trial. During the July 2018 trial and after the State rested its proof, the State conceded that eight additional counts should be dismissed. The jury convicted the Defendant as charged on the remaining counts, finding him guilty of four counts of rape of a child, five counts of rape, nine counts of incest, three counts of sexual battery by an authority figure, one count of solicitation of sexual exploitation of a minor, two counts of sexual exploitation of a minor, one count of aggravated sexual battery, and one count of continuous sexual abuse of a child. At the conclusion of the November 13, 2018 sentencing hearing, the trial court imposed an effective sentence of 178 years.

The Defendant, through trial counsel, prematurely filed a motion for new trial on November 29, 2018. On December 6, 2018, the trial court entered a sentencing order, reflecting its findings during the sentencing hearing. On October 15, 2019, the Defendant, through new counsel, filed an amended motion for new trial in which he raised numerous issues, including that he received ineffective assistance of counsel at trial and that, as a result of a hearing impairment, he was unable to hear the first day of the trial proceedings in violation of his due process rights.

During the January 21, 2020 hearing on the Defendant's motion for new trial, appellate counsel did not present any proof other than the transcript of the trial and the sentencing hearing to support the claims raised in the motion for new trial. The trial court announced that it was denying the Defendant's motion for new trial based upon the grounds raised but expressed concern regarding the twenty-five-year concurrent sentence imposed for the conviction of continuous sexual abuse of a child. The State acknowledged that the conviction may need to be dismissed. At the conclusion of the hearing, the trial court stated, "I am reviewing the sentence in this case to make sure that I have not made an error in rendering that sentence. And I will make a ruling on that this week, and I will let counsel for each side know." On March 4, 2020, the trial court entered an order denying the Defendant's motion for new trial.

On July 24, 2020, the Defendant filed a "Motion for Final Judgment and for Medical Relief," in which the Defendant stated that the trial court had not yet issued a ruling on the sentencing issue raised during the hearing on the motion for new trial and requested that the trial court revisit the Defendant's sentence, issue its final order on the motion for new trial, and order the Tennessee Department of Correction to provide him

with hearing aids. On August 3, 2020, the trial court entered an "Amended Order," stating that the court was "amending" the original order denying the Defendant's motion for new trial and providing that "[t]he original Order denying a new trial for the Defendant shall remain intact with the addition that the Court believes that a sentencing error is possible" with respect to the Defendant's conviction for continuous sexual abuse of a child. The trial court set a hearing for October 5, 2020, "for a final disposition as to that Count."

During a hearing on May 17, 2021, the State announced that due to the failure to provide the defense pretrial notice of the incidents of sexual abuse upon which the offense of continuous sexual abuse of a child was based, the conviction is "null and void" and should be dismissed. The trial court agreed to dismiss the conviction and stated, "[T]his now resolves all of [the Defendant's] motion for new trial issues and now we can perfect this case for any further review by the Appellate Courts." On June 9, 2021, the trial court entered an order dismissing the conviction for continuous sexual abuse of a child and noting that the dismissal did not alter the Defendant's effective sentence since the sentence for the conviction ran concurrently with the sentences for the Defendant's other convictions. On June 15, 2021, the Defendant filed a notice of appeal.

## ANALYSIS

The State contends that the Defendant failed to file a timely notice of appeal and that, therefore, his appeal should be dismissed. The Defendant responds that the issues related to the motion for new trial were not entirely resolved until the May 2021 hearing and the entry of the trial court's order on June 9, 2021, and that, thus, the notice of appeal filed within six days of the entry of the order was timely. The Defendant also responds that even if the notice of appeal was not timely filed, this court should waive the untimely filing in the interest of justice.

A defendant has thirty days from entry of the judgment in which to file a notice of appeal. Tenn. R. App. P. 4(a). If the defendant files a motion for new trial, "the time for appeal for all parties shall run *from entry of the order denying a new trial*." Tenn. R. App. P. 4(c) (emphasis added.) A trial court's statements during the hearing denying a motion for new trial are not sufficient to grant this court jurisdiction to hear an appeal or to trigger the time period in which a defendant must file a notice of appeal. *See State v. Byington*, 284 S.W.3d 220, 223, 225 (Tenn. 2009) (providing that this court did not acquire jurisdiction of the defendant's appeal pending the trial court's entry of an order denying the defendant's motion for new trial even though the transcript of the hearing reflected that the trial court denied the motion). Once a defendant files a motion for a new trial, this court does not have jurisdiction to hear the defendant's appeal until the trial court enters an order denying the motion for new trial. *Id.* at 225. A court minute entry

reflecting the trial court's denial of a motion for new trial may be sufficient to satisfy the requirement of a written order set forth in Rule 4(c). *Id.* at 226. Thus, the entry of an order or court minutes reflecting the denial of a motion for new trial triggers the time for filing an appeal regardless of the trial court's findings during the hearing.

During the January 2020 hearing on the Defendant's motion for new trial, the trial court announced that it was denying the motion based upon the grounds raised. The trial court also stated that it would review an issue related to sentencing for the conviction of continuous sexual abuse of a child, would issue a ruling "this week," and would inform the parties. On March 4, 2020, the trial court entered an order denying the Defendant's motion for new trial. Although the order did not reference the sentencing issue or otherwise include any specific findings of fact or conclusions of law, the Tennessee Supreme Court has recognized that "unless a party moves the trial court to set forth findings of fact and conclusions of law, the court's order need state only whether the motion for new trial was granted or denied." *Id.* (construing Tenn. R. Crim. P. 33(c)(3)). We conclude that the trial court's order entered on March 4, 2020, was an "order denying a new trial" in accordance with Tennessee Rule of Appellate Procedure 4(c).

Generally, the Defendant would have had thirty days from entry of the trial court's March 2020 order in which to file a notice of appeal. *See* Tenn. R. App. P. 4(a). However, in response to the COVID-19 pandemic, the Tennessee Supreme Court issued a series of orders extending the deadlines for filing a notice of appeal. *See, e.g., In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 31, 2020); *In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 25, 2020); *In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 13, 2020). The Defendant does not assert that he met any of the deadlines for filing a notice of appeal imposed by the Tennessee Supreme Court due to the COVID-19 pandemic. Rather, he asserts that his notice of appeal filed on June 15, 2021, was timely because it was filed within thirty days of the trial court's June 9, 2021 order. Generally, a judgment becomes final thirty days after its entry unless a notice of appeal or specified post-judgment motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a)-(c). When the judgment has become final, the trial court generally loses jurisdiction to amend it. *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). Accordingly, the trial court was without jurisdiction to enter the August 2020 order amending the order denying the motion for new trial entered almost five months earlier, to conduct the additional hearings in accordance with the amended order, or to enter the June 2021 order. *See e.g., State v. Ronnie Wayne Blair*, No. M2009-01987-CCA-R3-CD, 2011 WL 743396, at *6 (Tenn. Crim. App. App. Mar. 3, 2011) (concluding that the trial court's second order denying the defendant's motion for new trial entered more than one month after the trial court entered its initial order "was of no legal effect" and that the defendant's notice of appeal filed

upon entry of the second order was untimely). Therefore, we conclude that the Defendant's notice of appeal is untimely.

Tennessee Rule of Appellate Procedure 4(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." A defendant has "the responsibility to properly perfect his appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Steven C. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022), *no perm. app. filed* (citing *State v. Carl T. Jones*, No. M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011)). In determining whether waiver of the notice requirement is in the interest of justice, this court will examine the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and other relevant factors. *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirements of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)).

The Defendant's notice of appeal was filed more than one year after the deadline. Although the trial court expressed its belief during the May 2021 hearing that the Defendant was unable to pursue an appeal until the court issued a ruling in accordance with its amended order, the trial court was without jurisdiction to amend an order denying a motion for new trial entered approximately five months earlier and to conduct proceedings in accordance with the amended order. While the Defendant, the prosecutor, and the trial court appeared to believe that the trial court had such authority, this court previously has recognized that a misunderstanding of the law as a reason for delay weighs against a finding of waiver. *See id.*

Consideration of the nature of the issues, through a review of the Defendant's brief, also supports dismissal. The Defendant raises five issues on appeal, asserting that the evidence was insufficient to support his convictions; that due to a hearing impairment, he was unable to hear the witnesses' testimony at trial in violation of his due process rights; that the prosecutor improperly coached jurors during voir dire in how to avoid jury service; that his sentences are excessive; and that he received ineffective assistance of counsel at trial. Some of these claims are unsupported by citations to authority; some are unsupported by citations to the record; some were not raised during trial; and some were not supported by the introduction of proof at the hearing on the motion for a new trial. *See* Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7), 36(a). Given the circumstances leading to the Defendant's untimely notice of appeal, the inadequacies of

the Defendant's brief, and his failure to present evidence to support some issues raised on appeal, we decline to waive the Defendant's untimely filing of his notice of appeal. Therefore, the appeal is dismissed.

We note that there are numerous clerical errors in the judgments relating to the fifty-six counts in the indictment. Because twenty-two counts of the indictment were dismissed prior to trial, the trial court renumbered the counts for purposes of instructing the jury so that the charges appeared as thirty-four continuous counts. These instructions properly ensured that the jury was not made aware of the numerous other criminal offenses with which the Defendant was originally charged. The jury returned verdicts referencing the counts as instructed by the trial court. In sentencing the Defendant, the trial court referenced the counts as presented to the jury rather than the counts as they appeared in the indictment. It appears that a large number of the judgments reflect the charge and disposition of the counts as referenced at trial rather than the counts as they appear in the indictment. While we recognize the sound rationale behind renumbering the counts for the jury, the judgments must correctly reflect the charges as presented in the indictment and the disposition for each indicted offense.

Some judgments incorrectly state the offense charged. For example, count 19 of the indictment charged continuous sexual abuse of a child, which was dismissed prior to trial, but the judgment for count 19 reflects that the indicted and subsequently dismissed charge was sexual battery by an authority figure. As a second example, count 23 of the indictment, which was referred to as count 20 at trial, charged the offense of rape, and although the judgment for count 23 correctly reflects that the convicted offense was rape, a Class B felony, the judgment incorrectly states that the charged offense was sexual battery by an authority figure, a Class C felony. *See* T.C.A. §§ 39-13-503(b), 39-13-527(b). Numerous other judgments include similar errors. Furthermore, some judgments reflect the incorrect disposition. For example, in count 47 of the indictment, which was referred to as count 33 at trial, the Defendant was charged with and convicted of aggravated sexual battery, but the judgment for count 47 incorrectly reflects that the charge was dismissed. As a second example, the Defendant was indicted in count 49 for aggravated sexual battery, which was dismissed prior to trial, but the judgment for count 49 incorrectly reflects that the charge resulted in a conviction at trial. Many of the judgments also do not correctly reflect what counts to which the sentence for the conviction is to run consecutively or currently. The judgment for count 16, for example, reflects that the Defendant's five-year sentence for an incest conviction is to run concurrently with count 13, but the rape charge in count 13 of the indictment was dismissed prior to trial.

Given the numerous clerical errors in the judgments, we remand the case to the trial court to review and correct each judgment to ensure that each judgment corresponds

with each count in the indictment and correctly reflects the charge and disposition for each of the indicted counts.

## CONCLUSION

Due to the Defendant's untimely filing of the notice of appeal, we dismiss the appeal. We remand the case to the trial court for correction of the judgments as reflected in the opinion.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE